McMILLAN, Judge.
The appellant, an inmate at St. Clair Correctional Center, is serving a sentence of 99 years’ imprisonment on a conviction of murder. His Rule 20, A.R.Crim.P.Temp., petition alleging ineffective assistance of counsel was denied. Thereafter, the appellant filed the instant petition for writ of habeas corpus in the circuit court of St. Clair County, contending that the Alabama Board of Pardons and Paroles illegally and unconstitutionally applied § 15-22-27.1, Code of Alabama 1975, to bar his parole and to place him in close custody for 90 days. He argued that the action constituted double jeopardy and breached the terms of his plea bargain agreement with the State and also that § 15-22-27.1 was unconstitutional as an ex post facto law. Pursuant to a motion by the Alabama Department of Corrections, the trial court summarily dismissed the petition and ordered the appellant to pay a $97.00 filing fee.
The appellant contends that the trial court erred in dismissing his habeas corpus petition without a hearing, because his petition was meritorious. The appellant claims that he should be considered for parole under his 99-year sentence and that the Alabama Board of Pardons and Paroles was incorrect in deciding that he is not entitled to be considered for parole under § 15-22-27.1, Code of Alabama 1975.
Section 15-22-27.1, Code of Alabama 1975, provides:
“Any person convicted of any act, or attempt to commit the act, of murder, rape, robbery or assault with a deadly weapon, the commission of which directly and proximately resulted in serious physical injury to another and the commission of which follows within five years a previous conviction of another felony, or attempt thereof, resulting in serious physical injury to another, shall upon conviction serve such sentence as may be imposed without benefit of parole, notwithstanding any law to the contrary.”
The record indicates that, on June 5, 1985, the appellant murdered a 76-year old female. Subsequently, the appellant pleaded guilty to the offense. The “Alabama Board of Pardons and Paroles Report of Investigation” states that: “According to subject’s FBI rap sheet, he has a prior conviction in 1984 of attempted murder.” Moreover, the appellant acknowledges that § 15-22-27.1, Code of Alabama 1975, was applied “[bjased on criminal acts committed by petitioner in Brooklyn, New York, when he was only 14 years old.” However, the appellant argues that no serious physical *1359 injury or bodily harm was done to the victim; therefore, he argues, the requirement that the previous conviction of a felony or attempt thereof “resulting in serious physical injury to another,” was not satisfied. The State filed a motion for judgment on the pleadings, submitting that the appellant falls “within the parameters of Section 15-22-27.1, Code of Alabama (1975).” Moreover, the State argues that the appellant clearly is not entitled to consideration for parole. The trial court granted the State’s motion.
The United States Supreme Court has held “that parole release and parole revocation are quite different” in that “[tjhere is a crucial distinction between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires.” Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 9, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979).
“The parolees in Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct 2593, 33 L.Ed.2d 484 (1972) ] (and probationers in Gagnon [v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)]) were at liberty and as such could ‘be gainfully employed and [were] free to be with family and friends and to form the other enduring attachments of normal life.’ 408 U.S., at 482 [92 S.Ct. at 2600]. The inmates here, on the other hand, are confined and thus subject to all of the necessary restraints that inhere in a prison.
“A second important difference between discretionary parole release from confinement and termination of parole lies in the nature of the decision that must be made in each case. As we recognized in Morrissey, the parole revocation determination actually requires two decisions: whether the parolee in fact acted in violation of one or more conditions of parole and whether the parolee should be recommitted either for his or society’s benefit. Id., at 479-480 [92 S.Ct. at 2599]. ‘The first step in a revocation decision thus involves a wholly retrospective factual question.’ Id., at 479 [92 S.Ct. at 2599],
“The parole-release decision, however, is more subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release. Unlike the revocation decision, there is no set of facts which, if shown, mandate a decision favorable to the individual....
[[Image here]]
“That the State holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained. Board of Regents v. Roth, 408 U.S. [564], 577 [92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) ]. To that extent the general interest asserted here is no more substantial than the inmate’s hope that he will not be transferred to another prison, a hope which is not protected by due process. Meachum v. Fano, 427 U.S. [215], 225 [96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)]; Montanye v. Haymes, [427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) ].”
Greenholtz v. Nebraska Penal Inmates, 442 U.S., at 9-11, 99 S.Ct. at 2105-2106.
Thus, the petitioner has no constitutional due process rights to parole release. However, in Greenholtz, supra, the United States Supreme Court continued to address the respondents’ second argument, that the Nebraska statutory language created a protectable expectation of parole. The Court determined that Nebraska’s applicable statutory language provided a method for parole which was indeed entitled to some constitutional protection; however, the procedure established by statute provided all due process requires under the discretionary parole decision. The Court noted that nothing in the concept of due process requires the board to specify the particular evidence on which it rests its discretionary determination, and because the procedure affords the petitioner an opportunity to be heard, and because, when parole is denied, the board informs the inmate of the reasons he falls short of qualifying for parole, all due process requirements were met.
*1360 In Alabama there are several statutes dealing with standards and reasons for parole release of inmates under certain conditions. See §§ 15-22-25 through 15-22-29, Code of Alabama 1975. In the present case, the Alabama Board of Pardons and Paroles specified § 15-22-27.1, Code of Alabama 1975, as the basis for denying the appellant's release on parole, and stated as its evidence therefor, that the appellant had previously been convicted of attempted murder in 1984. However, although the board is clearly not required to specify the particular evidence on which it rests its discretionary determination, Greenholtz, 442 U.S., at 15-16, 99 S.Ct. at 2107-2108, because the board’s stated evidence and reasons are not shown by the record to meet the statutory mandate that the previous attempted felony resulted in serious physical injury to another, and because the appellant challenged the decision on that grounds, this cause is due to be remanded for a determination by the trial court as to whether the victim of the previous felony suffered serious physical injury as a result of the attempted murder committed by the appellant in 1984. The trial court is ordered to return its findings to this court within 90 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.