ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court, because the Alabama Board of Pardons and Paroles specified, as its reason for denying the appellant’s release on parole, that he had previously been convicted of attempted murder in 1984, citing § 15-22-27.1, Code of Alabama 1975. That statute requires that the previous attempt result in “serious physical injury” to another and, in the present case, the appellant challenged the Board’s decision on the grounds that the victim in that case suffered no serious physical injury. Thus, this cause was remanded for a determination as to whether the victim suffered serious physical injury because, although the Board is not required to specify the particular evidence upon which it relied in making its determination, once the Board states its evidence and reason, it is bound by the statutory requirements. 583 So.2d 1357.
Subsequent to this court’s release of the original opinion in this case, the court released Sellers v. State, 586 So.2d 994 (Ala.Cr.App.1991). In Sellers v. State, supra, this court held that review of an action by the Alabama Board of Pardons and Paroles is not by habeas corpus proceeding. This court held as follows:
“The appropriate remedy is an appeal pursuant to the Alabama Administrative Procedures Act, § 41-22-1 et seq., Code of Alabama 1975 (hereinafter ‘the Act’), if the administrative agency from which the appeal is taken comes within the purview of the Act....
“The actions of the Board in granting or denying paroles cannot be reviewed under the Act’s provisions for judicial review because the Act exempts the Board from review. § 41-22-3(3). No other right of review from the actions of the Board has been provided by statute. Thus, there being no statutory right to appeal or other adequate remedy at law for reviewing the actions of the Board in reference to the granting, denying, or revocation of paroles, certiorari is the appropriate remedy for review of such actions.”
Therefore, the trial court’s original af-firmance of the Board’s denial of the appellant’s release on parole is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.