In 1989, Ronald M. Gholston, while on parole following a murder conviction, was arrested for allegedly violating a condition of his parole; namely, that he not possess firearms. Following a hearing, the Board of Pardons and Paroles (the Board) revoked Gholston's parole.
Gholston, alleging due process violations by the Board, filed a petition for writ of certiorari in the circuit court, requesting that his parole revocation be set aside. The trial court granted Gholston's petition for writ of certiorari and ordered the Board to conduct a parole revocation hearing which complied with applicable law. The Board was ordered to then report to the trial court the result of such hearing.
In October 1992, the Board filed a "Report of Compliance" with the trial court, stating that the Board conducted another parole revocation hearing as ordered and, as a result, the parole of Gholston was revoked. Consequently, the Board requested the trial court to dismiss Gholston's action, with prejudice, as moot. The trial court did so, and Gholston appealed to the Alabama Court of Criminal Appeals in December 1992. The Court of Criminal Appeals transferred Gholston's appeal to this court.
In his brief, Gholston argues, pro se, that he was denied certain minimum due process rights in the revocation of his parole by the Board. For this proposition, Gholston citesMorrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972), and lists in his brief the following as the minimum due process rights which must be met in order to revoke parole:
 "(a) a final revocation hearing (the parole court) within a reasonable time after the parolee is taken into custody on the claimed violation; (b) disclosure of the evidence to be used against the parolee; (c) right to confront and cross-examine adverse witnesses, unless the hearing officer specifically finds good cause for not allowing confrontation; (d) a decision supported by the evidence presented at the parole court; and (e) a written statement by the factfinders as to the evidence relied on and reason(s) for revocation."
Gholston claims that none of these requirements was met in his case, and he also claims that he was unlawfully imprisoned on his alleged parole violation charge. Gholston's contention as to unlawful imprisonment stems from a claim that his parole revocation hearing was delayed unreasonably and that, as a result, he was prejudiced. For this contention, Gholston citesBarker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972), and lists in his brief three ways, based on Barker, in which an accused could be prejudiced by an unreasonable delay in his hearing: "(1) by oppressive pre-trial incarceration; (2) by anxiety and concern of having criminal charges against him or her which remain unresolved; and (3) by impairment of his or her defense. The latter is deemed the most serious." Later in his brief, Gholston argues that he was denied his constitutional right to a speedy trial.
The appellate jurisdiction of this court is set out in Ala. Code 1975, § 12-3-10, as follows:
 "The court of civil appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $10,000.00, all appeals from administrative agencies other than the Alabama public service commission, all appeals in workmen's compensation cases, all appeals in domestic relations cases, including annulment, divorce, adoption and child custody cases and all extraordinary writs arising from appeals in said cases."
Nowhere within this statute do we find authority for the Court of Civil Appeals to review decisions of the Board. Although *Page 947 
§ 12-3-10 provides that this court has jurisdiction over appeals from administrative agencies, our supreme court has held that "the parole board is a legislative agency and not subject to the . . . Alabama Administrative Procedure Act. . . ." Ex parte Baldwin County Commission, 526 So.2d 564, 566 (Ala. 1988). Furthermore, the Alabama Administrative Procedure Act, in Ala. Code 1975, § 41-22-3(3), excludes actions of the Board from its provisions for judicial review. See also, Sellers v.State, 586 So.2d 994 (Ala.Cr.App. 1991).
In Ellard v. Alabama Board of Pardons Paroles, 824 F.2d 937
(11th Cir. 1987), the Eleventh Circuit Court of Appeals, citingMorrissey v. Brewer, supra, reiterated that certain due process rights were to be afforded a parolee in a revocation proceeding.
In Ellard v. State, 474 So.2d 743 (Ala.Cr.App. 1984), aff'd sub nom on other grounds, Ex parte Ellard, 474 So. 758 (Ala. 1985), the Court of Criminal Appeals noted that review by a trial court of such proceedings before the Board was to be accomplished by petition for writ of certiorari and not by appeal. "At the time the revocation proceedings concerning Ellard commenced, no statutory right of appeal or review from the actions of the Board existed; hence, certiorari is an appropriate remedy for review in this case." Ellard v. State, 474 So.2d at 748. The Court of Criminal Appeals proceeded to consider the merits of Ellard's appeal from the trial court's judgment on Ellard's post-conviction writ. Ellard v. State,supra. (Following the disposition of his action in state court, Ellard filed a petition for writ of habeas corpus in federal district court. Although this petition was denied, Ellard's appeal to the Eleventh Circuit Court of Appeals resulted in the federal district court's decision being reversed and remanded in Ellard v. Alabama Board of Pardons Paroles, supra.
On remand, the federal district court again denied Ellard's petition for writ of habeas corpus. On appeal, however, the Eleventh Circuit Court of Appeals reversed the district court's judgment and remanded the case with instructions for the district court to grant Ellard's writ and reestablish his parole. Ellard v. Alabama Board of Pardons Paroles,928 F.2d 378 (11th Cir. 1991)).
Here, as in Ellard v. State, supra, Gholston petitioned the trial court for a writ of certiorari (a post conviction writ) and then appealed the trial court's judgment to the Court of Criminal Appeals. According to recent case law, the procedure used by Gholston to secure review of the Board's decision was proper. See, e.g., Bryant v. State, 594 So.2d 718 (Ala.Cr.App. 1991); Sellers, supra, 586 So.2d 994. A review of the Board's actions could involve such issues as the right of an accused to confront witnesses, the right of an accused to a speedy hearing, and unlawful imprisonment.
Section 12-3-9, Code 1975, the jurisdictional statute of the Court of Criminal Appeals, states that "[t]he court of criminal appeals shall have exclusive appellate jurisdiction of . . .all post conviction writs in criminal cases." (Emphasis added.) Gholston's petition for writ of certiorari to review the Board's decision revoking his parole was a petition for a post-conviction writ. Therefore, this court is without subject matter jurisdiction to consider Gholston's appeal. Accordingly, his appeal is transferred back to the Court of Criminal Appeals.
APPEAL TRANSFERRED.
All the Judges concur.