PER CURIAM.
Don Lamor Cady (hereinafter “the inmate”) was convicted of two counts of rape in the first degree and was — and may still be — incarcerated in the Alabama penitentiary system. He received a sentence of 15 years for one of the convictions and a sentence of life for the other conviction. He seeks a new hearing before the Alabama Board of Pardons and Paroles (hereinafter “the Board”) and an order directing the Board to apply the provisions of certain laws in effect at the time he was convicted and sentenced.
The inmate was charged with, and pleaded guilty to, the offense of rape in the first degree, in Covington County. He entered his plea on November 9, 1982, and he received a 15-year sentence. He was also charged in Coffee County with rape in the first degree, involving a different victim; after a jury convicted him of that offense, he was sentenced on April 8, 1983, to life in the penitentiary. An initial parole-eligibility date of April 1998 was scheduled for the inmate. That date corresponded to incarceration for 15 years.
The inmate, appearing pro se, initially filed an extensive, detañed, handwritten document styled a “Petition for Writ of Certiorari” (hereinafter “the petition”) in the Circuit Court of Montgomery County, on September 23,1999. In the petition, he argues, in summary, that actions of the Board violated certain provisions of state law and thereby violated his constitutional rights. He specifically argues that he was denied his constitutional rights because the Board had not applied certain provisions of the Alabama Administrative Procedure Act (hereinafter “the APA”) that were in effect when he was convicted of the crimes with which he was charged. He states in the petition that the Attorney General’s Office had held in 1981 in an attorney general’s opinion that the Board was subject to the provisions of the APA when considering parole of state inmates. However, in 1998, based on an express change in the language of the APA, another attorney general’s opinion stated that the Board was no longer subject to the APA’s provisions when it considers an inmate’s parole eligibility, that is, in what the APA terms “contested cases.” In addition, Cady argues in his petition that the actions of the Board in not applying the APA’s provisions that were in effect at the time of his *635 convictions served to “retrospectively” violate his rights. He further argues in the petition that the Board’s actions in scheduling the date of his parole hearing for a date at which he would have served 15 years, as opposed to what he contends was earlier Board policy to schedule parole hearings after 10 years, resulted in a violation of his constitutional rights under the ex post facto clauses of the United States Constitution and the Alabama Constitution. His prayer for relief was a request that the Board “respond” to his petition.
The Board filed an answer to the petition and filed a motion to dismiss based upon Rule 12(b), Ala.R.Civ.P.; the trial court converted the motion into one for a summary judgment. The inmate filed a response and a brief in opposition to the motion for summary judgment and then, before the trial court had ruled on the summary judgment motion, he moved for a preliminary injunction. The basis of his request for the preliminary injunction was virtually identical to the basis for his original petition.
The trial court denied his request for a preliminary injunction; the inmate appealed that denial to the Alabama Court of Criminal Appeals, which subsequently transferred his appeal to this court. We believe the proper court to consider the inmate’s appeal is the Court of Criminal Appeals; consequently, we transfer this case back to that court.
The APA, appearing at § 41-22-1 et seq., Ala.Code 1975, became effective on October 1, 1982, before the inmate was convicted of either of the two crimes with which he was charged. An attorney general’s opinion issued on September 24, 1981, stated that the Board is an agency that is covered by and subject to the provisions of the APA. That opinion was modified on April 17, 1998, by an opinion stating that the Board was not subject to the APA when making decisions pertaining to the parole of inmates. The basis for the modification was an express change to the statutory definition of “contested case”; that amended language exempts the Board from the provisions of the APA in those hearings in which it considers the grant or denial of pardons or paroles. See § 41-22-8(3), Ala.Code 1975.
Essentially, Cady asks this court to order that the pre-1998 provisions of the APA are, in effect, “grandfathered in” so that the requirements of the APA in effect at the time of his convictions would have to be applied to any current parole hearing. Additionally, because he alleges that at the time of his sentencing it was the “practice” or “policy” of the Board to schedule parole hearings after 10 years of incarceration rather than after 15 years (which as to him would have meant a hearing in 1993 rather than in 1998), he is asking this court to order the Board to hold an immediate hearing on whether he should be released. This argument appears moot and barred by the doctrine of laches, unless one considers that if the inmate were declared to have been eligible for parole review after 10 years, then, because he did not get a review after 10 years, he might have a cause of action against the Board for its failure to hold an initial parole hearing for him in 1993. That analysis would bring up an issue about the justiciability of an inmate’s request for a declaratory judgment under the fact situation here in anticipation of the inmate’s filing an action under 42 U.S.C. § 1983. If the inmate is seeking a preliminary injunction or a declaratory judgment, in an effort to determine his rights, before suing for a violation of those rights, he has not said so in any of his motions, petitions, or briefs. He has not used the language appropriate to a declaratory-judgment action, nor has he cited Rule 57, Ala.R.Civ.P. (We cannot conclude *636 that his failure to do so results from some lack of familiarity with the Rules of Civil Procedure, given that he, in fact, responded knowledgeably to a Rule 12(b) motion to dismiss that was converted into a Rule 56 motion for summary judgment, and that he cited Rule 65(a) in his request for a preliminary injunction.) Consequently, we will not address an issue not properly before us for decision.
The judges of the Court of Criminal Appeals state that this case “appears” to be from an order denying a request for a preliminary injunction filed in connection with a declaratory-judgment action. In reality, this case is, was, and remains a postconviction petition by an inmate seeking release from prison by way of action of the Board. On the authority of § 12-3-9, Ala.Code 1975, and Gholston v. Board of Pardons and Paroles, 627 So.2d 945 (Ala.Civ.App.1993), we hold that this case should not be before this court. Whether the inmate called his document a “Petition for Certiorari,” a “Motion for Preliminary Injunction,” or a “Request for Declaratory Judgment,” it is purely and simply a prisoner’s effort to 'obtain an earlier parole date. It was a postconviction petition in a criminal case to start with, and it remains a postconviction petition in a criminal case today. Whatever term the inmate or the Court of Criminal Appeals may choose to apply to this action, it is still a petition seeking a “postconviction writ” and, consequently, it is, at this stage, solely and exclusively in the jurisdiction of the Court of Criminal Appeals.
As authority for transferring this appeal to this court, the Court of Criminal Appeals cited Ex parte Galanos, 796 So.2d 390 (Ala.2000). Galanos is inapplicable to this case because Galanos involved appellate review of an order granting a mandamus petition that was filed by a defense attorney seeking fees for work done by attorneys appointed to represent indigent defendants in criminal cases and related to a system for the payment of attorney fees to lawyers representing those defendants. Galanos was not a decision relating to the proper appellate jurisdiction over a convicted inmate’s petition for a postjudgment writ. For the reasons given, this appeal is transferred to the Court of Criminal Appeals.
APPEAL TRANSFERRED.
YATES, P.J., and PITTMAN and MURDOCK, JJ., concur.
' CRAWLEY and THOMPSON, JJ., concur in the result.