[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11474
Non-Argument Calendar

_____

D. C. Docket No. 04-02899-CV-LSC-NE

ROBERT EARL RAY, JR.,

Petitioner-Appellant,

versus

BILLY MITCHEM, Warden,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 3, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Robert Earl Ray, Jr., a pro se Alabama prisoner previously convicted of first

degree robbery and murder whose parole was revoked after he was arrested for

domestic violence, appeals the district court's denial of his federal habeas petition, filed pursuant to 28 U.S.C. § 2254, in which he alleged, among other things, that he was actually innocent of violating his parole. The district court found that the petition was procedurally barred because it was filed beyond the statutory limitations period, and, as to Ray's actual-innocence claim, he did not make the requisite showing of actual innocence to overcome the procedural bar. After careful review, we affirm the denial of habeas relief.[1]

We granted a certificate of appealability ("COA") on the following issues:

(1) Whether the district court properly determined that appellant's 28 U.S.C. § 2254 petition challenging his parole revocation was time-barred, where it is unclear which subsection of § 2244(d)(1) applies to parole-revocation hearings;

(2) If so, whether the district court erred in concluding that appellant failed to make the requisite showing of actual innocence in an attempt to overcome the time-bar, Wyzykowski v. Dep't of Corr., 266 F.3d 1213, 1219 (11th Cir. 2000);

(3) If the answer to question two is yes, whether the district court abused its discretion by failing to conduct an evidentiary hearing on appellant's actual innocence claim.

---

[1] We DENY AS MOOT Ray's "Motion for Failure to Comply and per se Objections to Appellee's Request for an Extension of Time and Motion for Declaratory Judgment." The Appellees have not filed a brief in the instant matter. Moreover, the Appellees have not sought or been granted an extension of time in which to do so in this Court.

2

On appeal, Ray first challenges the district court's interpretation of the one-year limitations period established in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Ray says that his petition was filed within the statutory time frame because although his parole was revoked October 23, 2001, the domestic abuse charge underlying the revocation of his parole was not dismissed until November 16, 2001. Thus, according to Ray's calculus, his state court petition, filed on November 12, 2002, was timely.

We review the district court's interpretation and application of a statute of limitations de novo. Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000). The AEDPA establishes a one-year statute of limitations for applications for writs of habeas corpus filed by prisoners "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The period of limitation begins to run from the latest of: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id.

The limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However,

3

we have held that "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotation omitted).

Alabama does not have a direct appeal procedure through which the Parole Board's decision to revoke parole can be challenged. See Gholston v. Bd. of Pardons & Paroles, 627 So.2d 945, 947 (Ala. Civ. App. 1993). Instead, a prisoner must challenge his parole revocation by filing a petition for writ of certiorari in the state trial court. Id.

Recently, in Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008), we held that subsection (D), not subsection (A), of 28 U.S.C. § 2244(d)(1), is the applicable subsection for cases of habeas petitioners who are in custody pursuant to a parole revocation. In that case, we held that where Georgia did not have a procedure to directly challenge the revocation of parole, the factual predicate for Brown's habeas claim existed at the time his parole was revoked, and, therefore, the AEDPA's one-year limitations period began running from that time. Id. at 1307-08. Additionally, Brown's letters to the Board of Paroles seeking the reconsideration of its decision did not toll the running of the statute, as the revocation was the final action by the Board. Id. at 1308. We also noted that "a

4

properly filed state mandamus petition would probably toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)." Id. at 1308 n.2. Finally, we have held that we "may affirm the district court on any ground that finds support in the record." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

Here, although it erred by relying on subsection (A) of 28 U.S.C. § 2244(d)(1), rather than subsection (D), the district court properly concluded that Ray's petition was untimely. Ray's parole was revoked on October 23, 2001, and, since Alabama, like Georgia, does not have a direct appeal procedure through which Ray could challenge the decision of the Parole Board, the decision became final on that date, but Ray did not file his federal habeas petition until October 1, 2004. Even assuming that Ray's state petition for writ of certiorari would have tolled the limitations period if timely filed, it was not filed until November 12, 2002, and there was no time left to be tolled on that date.

We likewise are unpersuaded by Ray's claim that the district court erred in deciding his actual-innocence claim. Ray says that the new evidence he submitted -- the evidence included an affidavit from a man claiming responsibility for the domestic abuse incident, an affidavit from a woman claiming the victim told her that she had "made up" the fact that Ray had beaten her, and a letter purportedly

from the victim -- satisfied his burden to show actual innocence, meaning that no reasonable factfinder could have found him guilty of the domestic abuse crime.[2]

We review a district court's denial of a habeas petition under 28 U.S.C. § 2254 de novo. Maharaj v. Sec'y for Dep't of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002). To avoid a procedural bar, a habeas petitioner asserting actual innocence must show that his conviction "probably resulted" from "a constitutional violation." Schlup v. Delo, 513 U.S. 298, 327 (1995). The petitioner can meet this standard by presenting new evidence that shows "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. The "reasonable doubt" standard should be based on the district court's "probabilistic determination about what reasonable, properly instructed jurors would do." Id. at 329.

An actual innocence claim must be supported "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Id. at 324. To meet the "threshold showing of innocence" in order to justify "a review of the merits of the

---

[2]We have not decided whether a showing of actual innocence is an exception to the one-year statute of limitations in AEDPA. Wyzykowski, 226 F.3d at 1219. However, we have held that before addressing the difficult constitutional question of whether the limitations period constitutes a violation of the Suspension Clause if the petitioner can show actual innocence, we should first consider whether the petitioner can show actual innocence. Id. at 1218. Thus, we now proceed to the actual innocence inquiry.

constitutional claims," the new evidence must raise "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In Arthur v. Allen, 452 F.3d 1234, 1244-45 (11th Cir.), modified, 459 F.3d 1310 (2006), cert. denied, 127 S. Ct. 2033 (2007), the petitioner submitted the affidavits of two witnesses who stated that the petitioner was in their store at the time the murder he was convicted of was being committed. The state later submitted affidavits by the same witnesses who later said that they could not remember exactly what day the petitioner had visited the store. Id. at 1245. We held that the there was insufficient evidence of actual innocence because: (1) the doubt created by the affidavits does not "undermine[] confidence in the result of [petitioner's] trial"; (2) 11th-hour exculpatory affidavits are suspect, especially when "certain important details of the affidavits were subsequently disavowed by the affiants themselves"; and (3) the affiants' "revised testimony would [have], at best, attack[ed] the credibility of [another witness], whose own statements were corroborated." Id. at 1246; see also Sibley v. Culliver, 377 F.3d 1196, 1206-07 (11th Cir. 2004) (holding that there was insufficient evidence of actual innocence

7

where the petitioner presented only "generalized evidence concerning the victim's character," and failed to "present[] any actual evidence," such as affidavits).

Pursuant to Schlup and our decisions in Arthur and Sibley, we readily conclude that Ray did not present sufficient new evidence to raise the requisite doubt about his guilt and undermine confidence in the result. The new evidence Ray submitted was of questionable worth, consisting of 11th-hour exculpatory affidavits that proffered two different theories of what really happened to the victim and a letter purportedly from the victim in which the author does not specifically mention the allegations of domestic abuse. On this record, Ray failed to meet his burden to show actual innocence, sufficient to overcome the AEDPA's limitations period.[3]

**AFFIRMED.**

---

[3] Because the district court did not err in concluding that Ray failed to make the requisite showing of actual innocence in an attempt to overcome the time-bar, we do not need to address the last issue designated in the COA concerning whether the district court abused its discretion by failing to conduct an evidentiary hearing on appellant's actual innocence claim.