Dana Lee Sellers appeals the trial court's denial of his petition for writ of habeas corpus, wherein he sought review of the action of the Alabama Board of Pardons and Paroles (hereinafter "the Board") revoking his parole.
While the trial court gave no reason for denying the petition other than the fact that it did so on the pleadings, its denial was proper, because review of an action of the Board is not by a habeas corpus proceeding. Generally, habeas corpus is inappropriate as a remedy to review the actions of an administrative board or commission, such as the Board. The appropriate remedy is an appeal pursuant to the Alabama Administrative Procedure Act, § 41-22-1 et seq., Code of Alabama 1975 (hereinafter "the Act"), if the administrative agency from which the appeal is taken comes within the purview of that Act. However, if the agency is exempted from the judicial review provisions of the Act *Page 995 
and there is no other provision for statutory review, review is by petition for writ of certiorari. See Ellard v. State,474 So.2d 743 (Ala.Cr.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985) (in the absence of a right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission). See also Ex parte BaldwinCounty Com'n, 526 So.2d 564 (Ala. 1988) (an extraordinary writ will not lie if there is a right of appeal).
The actions of the Board in granting or denying paroles cannot be reviewed under the Act's provisions for judicial review because, the Act exempts the Board from review. Section41-22-3(3). No other right of review from the actions of the Board has been provided by statute. Thus, there being no statutory right to appeal or other adequate remedy at law for reviewing the actions of the Board in reference to the granting, denying, or revocation of paroles, certiorari is the appropriate remedy for review of such actions. Accordingly, the trial court's denial of Sellers's petition for writ of habeas corpus is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.