The appellant, Louis Gullett, appeals from the denial of his petition for writ of habeas corpus. The appellant alleged in his petition that § 14-9-41(h), Code of Alabama 1975, added by amendment in 1991, *Page 401 
requires that all inmates serving sentences of 15 years' imprisonment or less must be awarded correctional incentive time, calculated retroactively to the date the inmate begins to serve his sentence. Section 14-9-41(h) states:
 "(h) Deductions for good behavior, work habits and cooperation, or good conduct shall be interpreted to give authorized good time retroactively, to those offenders convicted of crimes committed after May 19, 1980, except those convicted of crimes of the unlawful sale or distribution of controlled substances as enumerated in Title 13A and in former chapter 2 of Title 20, and for any sexual offenses as enumerated in chapter 6, Title 13A, provided however that the commissioner of the department of corrections shall have the prison records of all inmates, who become eligible under this article, reviewed and shall disqualify any such inmate from being awarded good time under this article at his discretion."
Specifically, he contends that § 14-9-41(h) takes away the commissioner's discretion to grant incentive good time retroactively and that the commissioner's refusal to grant incentive good time denied him due process.
To trigger the due process protections of Wolff v. McDonnell,418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), a liberty interest must be involved. The real question here is whether the 1991 amendment to § 14-9-41 created a liberty interest.
The Alabama Supreme Court, in Shelton v. Wright,439 So.2d 55, 57 (Ala. 1983), stated:
 "The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, see e.g., Gundy v. Ozier, 409 So.2d 764, 765, 766 (Ala. 1981), which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained. See Rinehart v. Reliance Ins. Co., 273 Ala. 535, 538, 142 So.2d 254, 256 (1962)."
As stated by the Eleventh Circuit Court of Appeals: " 'When [a] statute is framed in discretionary terms there is not a liberty interest created.' " Conlogue v. Shinbaum,949 F.2d 378, 380 (11th Cir. 1991), cert. denied, ___ U.S. ___,113 S.Ct. 123, 121 L.Ed.2d 79 (1992), quoting Thomas v. Sellers,691 F.2d 487, 489 (11th Cir. 1982) (per curiam). There is no language in § 14-9-41, as amended in 1991 to add subsection (h), "which places a substantive limitation on the exercise of discretion by officials charged with the responsibility of deciding which inmates will be granted correctional incentive time status."Beavers v. Alabama Legislators, [91-T-1485-N, February 21, 1992] (M.D.Ala. 1992).
Section 14-9-41(h), Code of Alabama 1975, did not abrogate any discretionary authority of the commissioner of the Alabama Department of Corrections. Subsection (h) of § 14-9-41
authorizes that incentive good time may be applied retroactively; it does not require that it be done. To the contrary, subsection (h) does not create a liberty interest protected by the Due Process Clause of the United States Constitution. Just as the awarding of one incentive good time day instead of two is within the discretion of the Department of Corrections, Ex parte Powers, 546 So.2d 1004 (Ala. 1988), so is the decision to apply incentive good time retroactively. The commissioner in this case reviewed the records of the appellant, and denied the appellant any incentive good time. No liberty interest was involved here, and as a matter of law the protections of Wolff have not been triggered.
For the reasons stated above, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 882