The appellant, Phillip R. Cox, appeals from the circuit court's dismissal of his "Petition for Writ of Certiorari," which the state and the court treated as a petition for writ of habeas corpus. In this petition, Cox alleged that he is incarcerated in the Elmore Correctional Center; that, when he was sentenced to 99 years' imprisonment for his April 1980 conviction for murder, he was "entitled" to incentive good time (IGT) pursuant to §§ 14-9-20 through -25, Code of Alabama 1975;[1] and that he is being denied IGT contrary to the legislature's intent.
Section 14-9-20 states, "In order to encourage prison discipline, commutation of time shall be used as a reward for good behavior at the discretion of the board of corrections." Furthermore, § 14-9-22 states, "It is the intent of this article that the custody classification provided for in section 14-9-21 be used by the board only in exceptional cases of good behavior and industriousness in order that inmates be given a meaningful incentive for good behavior."
Cox alleged that Admin.Reg. 420 sets out the bases for determining a prisoner's eligibility for IGT, and that section (h) of this regulation, in effect when he was sentenced, stated the following:
"PSYCHOLOGICAL AND/OR SOCIOLOGICAL
 "Any inmate whose psychological or sociological profile contraindicates an early release back to society will not receive IGT. A history of repeated disciplinaries will constitute evidence of an inability to adjust and, therefore, a contraindication of IGT status."
Cox further alleged that, when he was recommended on or about October 28, 1986, for IGT based on his excellent work and counselor's reports, he was illegally denied IGT by the application of the following amendment to (h): "Since criminal record is an important element of sociological profile, repeated convictions for violent crimes against persons may be a contraindication to award of IGT status." He argued that, by the legislature's expressed intent, only the inmate's conduct in prison is pertinent to eligibility for IGT, and that the amendment, which calls for *Page 1076 
consideration of the inmate's criminal record, is contrary to the legislature's intent. Finally, he asserted that he has maintained, over a 5-year period, a clean prison record.
In response to Cox's opinion, the state filed a motion to dismiss Cox's "Petition for Writ of Habeas Corpus." Attached to this motion is an affidavit of the classification director of the Department of Corrections, in which she states the following:
 "Respondent replies that since criminal history is an integral part of an individual's sociological profile, I could not avoid consideration of [Cox's] current conviction for murder and his prior convictions for assault and possession of a firearm in assessing the probability that his release to society earlier than the date indicated by his sentence of 99 years could present a danger to the public. In the case of [Cox,] the victim was shot six times and killed in the course of a burglary."
Also attached to the motion to dismiss is a certified copy of Cox's prison summary sheet, dated August 1, 1988, showing 13 major disciplinaries between November 30, 1981, and March 4, 1983, and one other major disciplinary on August 6, 1985.
In Cox's response to the state's motion to dismiss, Cox asserted that his petition is not a petition for writ of habeas corpus, but a petition writ of certiorari. As support, he cites Sellers v. State, 586 So.2d 994 (Ala.Cr.App. 1991), wherein the court affirmed the circuit court's denial of Sellers's petition for writ of habeas corpus contesting the revocation of his parole by the Alabama Board of Pardons and Paroles. In so holding, the Sellers court stated the following:
 "While the trial court gave no reason for denying the petition other than the fact that it did so on the pleadings, its denial was proper, because review of an action of the Board is not by a habeas corpus proceeding. Generally, habeas corpus is inappropriate as a remedy to review the actions of an administrative board or commission, such as the Board. The appropriate remedy is an appeal pursuant to the Alabama Administrative Procedure Act, § 41-22-1 et seq., Code of Alabama 1975 (hereinafter 'the Act'), if the administrative agency from which the appeal is taken comes within the purview of that Act. However, if the agency is exempted from the judicial review provisions of the Act and there is no other provision for statutory review, review is by petition for writ of certiorari. See Ellard v. State, 474 So.2d 743
(Ala.Cr.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985) (in the absence of a right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission). See also Ex parte Baldwin County Com'n, 526 So.2d 564 (Ala. 1988) (an extraordinary writ will not lie if there is a right of appeal)."
586 So.2d at 994-95.
After a brief hearing, the circuit court dismissed the "Petition for Writ of Habeas Corpus," specifically finding that "the denial of incentive good time does not raise a proper issue" because "inmates have no constitutional right to incentive good time." By way of a "Motion for New Trial," Cox objected to the circuit court's treatment of his petition as a habeas corpus petition, arguing that he "does not claim a constitutional right to incentive good time, but rather a procedure right to have the statutory intent of the legislature applied to him as they intended it to." This motion was denied.
Cox's arguments on appeal are that the circuit court improperly considered his petition to be a habeas corpus petition and consequently failed to address the issue of whether the amendment to Admin.Reg. 420 contravenes the legislature's intent. The state has failed to respond to these arguments. Based upon the considerations before us, we hold that the circuit court erred in treating Cox's petition for writ of certiorari as a petition for writ of habeas corpus, particularly because the court had no jurisdiction to entertain a habeas corpus petition filed by Cox. See *Page 1077 
§ 15-21-6 (which requires that when the petitioner is confined in the penitentiary, the petition must be addressed to the nearest circuit court).
Accordingly, the judgment is reversed and the cause remanded for further consideration.[2]
REVERSED AND REMANDED.
All Judges concur.
[1] These statutes were repealed by the Alabama Correctional Incentive Time Act, 1980 Ala. Acts 690, Act No. 80-446 (May 19, 1980), codified as §§ 14-9-40 through -44; they were retained to the extent that they apply only to prisoners serving time before May 19, 1980, and persons who committed offenses prior to May 19, 1980. § 14-9-43.
[2] We note that the Alabama Administrative Procedure Act, §41-22-1 et seq., Code of Alabama 1975, offers no appropriate remedy in the instant case. See § 41-22-3(9)(g)(1) (which excludes from the definition of "rule" "[a]ny rules or actions relating to . . . [t]he conduct of inmates of public institutions"). See also Commentary to § 41-22-3, which states the following:
 "The importance in having a careful and precise definition of 'rule' is to distinguish the regulatory activity that resembles legislation, applicable to all persons or a relatively large segment of the population outside the context of any specific controversy from administrative activity that has a more judicial character and which, therefore, ought to be subject to judicial review. See generally, K. Davis, Administrative Law Text § 5.06, at 137-38 (3d ed. 1972)."
Compare § 15-18-8.1 (which provides that all rules and regulations issued by the commissioner of the Department of Corrections pursuant to § 15-18-8 shall be subject to the Alabama Administration Procedure Act) with § 15-18-122 (which provides that the supervised intensive restitution (SIR) program is exempted from the Act). *Page 1078 
[EDITORS' NOTE: PAGES 1078-1083 CONTAINS DECISIONS WITHOUT OPINIONS.]
 *Page 362