This is an appeal from a revocation of probation. The appellant, Samuel Labarron Parker, contends that the circuit court was without authority to increase his term of confinement in the penitentiary upon the revocation of his probation.
In 1991, the appellant pleaded guilty to and was convicted of, possession of a forged instrument in the second degree. His sentence of five years' imprisonment was suspended and he was placed on probation. In February 1994, the appellant was arrested on a charge of kidnapping. His probation was revoked in March 1994, based on evidence that he had committed a kidnapping and a burglary. After revoking his probation, the circuit court ordered the appellant to serve a "split" sentence on his 1991 possession case.
The circuit judge stated:
 "This defendant's probation is revoked and I am going to split — He has got a five-year sentence he is supposed to do and he really should do every minute of it, a year for year, day for day. The problem is that under the rules that the Director of the Department of Corrections has, if I give him this five-year straight time, he will be out before you can say 'Jack Robinson.' But I think if I split this sentence and order him to serve three years of it, I believe the law is he has got to serve all those three years at least unless the Director of the Department of Corrections has found some way out of that law. So, that is what I am going to do." R. 18. *Page 655 
In response, defense counsel stated: "Just for the record, I realize this is within your authority, but I would like to put in an objection for the record." R. 18. Although a motion for a new trial was made, that motion is not contained in the record on appeal.
Initially, we note that this issue appears to have been waived. Even though defense counsel objected to the appellant's sentence, he expressly admitted that the judge's action in setting the sentence was within the "authority" of the trial court. Furthermore, even assuming that the issue had been preserved for review, we find no error in the sentence imposed.
The appellant contends that if the trial court had imposed the original five-year sentence, he would have been released from prison in two years with the application of "good time." Ala. Code 1975, §§ 14-9-40 through -44. This argument, however, is based on speculation, because there is no guarantee that the appellant would "faithfully observe" the prison rules and regulations during his period of confinement so as to meet the requirements for the application of good time. See §14-9-41(a). Furthermore, an inmate has no protected interest in "good time." See Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir. 1991), cert. denied, ___ U.S. ___, 113 S.Ct. 123,121 L.Ed.2d 79 (1992); Gullett v. State, 613 So.2d 400, 401
(Ala.Cr.App. 1992).
The appellant relies on the distinction between the terms "confinement" and "sentence of imprisonment" made by this Court in Cox v. State, 548 So.2d 1099 (Ala.Cr.App. 1989). In Cox, this Court held that a defendant who had been sentenced to 10 years' and 12 years' imprisonment was not entitled to good time under a statute that provided no correctional incentive time ("good time") for a person who received a sentence of 10 years or more, even though the defendant's sentences were "split" and the defendant was ordered to serve three years' and two years' imprisonment.
 " 'Contrary to the petitioner's implication, the terms "sentence of imprisonment in the penitentiary" and "confinement," as used in the Split Sentence and ACIT [good time] Acts, are not interchangeable. As §§ 13A-5-6 and 15-18-1 make it clear, all legal sentences for felonies are sentences to "imprisonment in the penitentiary." The fact that some sentences "to imprisonment" may be suspended or probated relates only to the terms of the execution and not to their basic definitional nature as sentences to imprisonment in the penitentiary.
" '. . . .
 " 'The terms "confinement" and "sentence of imprisonment" are not synonymous. Section 14-9-41(a) contains the phrase "confined . . . in the penitentiary" in reference to those eligible for its benefits, and § 14-9-41(e) contains the phrase "received a sentence for 10 years or more in the state penitentiary" in reference to those ineligible for its benefits. "Confinement" is an obvious prerequisite for good time eligibility under § 14-9-4(a). It does not follow, however, that the exception to eligibility in § 14-9-41(e) is 10 years' actual confinement. In subsection (e), the legislature used the term "[any convict] who has received a sentence of 10 years or more in the state penitentiary" to describe those who are ineligible for good time. "Has received" is past tense and denotes the original sentence imposed upon conviction. A sentence of "10 years or more in the state penitentiary" is not equivalent to being "confined under a sentence of 10 years," especially when read in light of the other exception in subsection (e), which excludes from earning good time those convicts who have been convicted of a Class A felony. The minimum sentence for a Class A felony is 10 years. Alabama Code 1975, § 13A-5-6. Class A felons may have their sentences split under § 15-18-8 or suspended under § 15-22-50, thus resulting in a term of confinement of less than 10 years, yet they are still ineligible for good time because the legislature obviously deemed the nature of their offenses too serious to merit the benefits of good time sentence reduction. It is reasonable to assume that the legislature also concluded that anyone who received a sentence in the Class A felony range would also not merit beneficial treatment. *Page 656 
 " 'This interpretation of and distinction between the terms "confinement" and "sentence" are reasonable and in accordance with the fundamental rule of statutory construction that "[w]ords used in the statute must be given their natural, plain, ordinary, and commonly understood meaning." Alabama Farm Bureau Mutual Casualty Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984). The term "sentence" means: "The judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted." Black's Law Dictionary 1222 (rev. 5th ed. 1979). The term "confinement" means: "State of being confined; shut-in; imprisoned." Black's at 270.' "
Cox v. State, 548 So.2d 1099, 1101-02 (Ala.Cr App. 1989), (quoting Thomas v. State, 552 So.2d 875, 876-877 (Ala.Cr.App. 1989), affirmed, 552 So.2d 878 (Ala. 1989) (emphasis original in Thomas).
However, a reading of Ala. Code 1975, § 15-22-54, makes it clear that the trial court did have the authority to "split" the appellant's original sentence on revocation of probation. Section 15-22-54(d), Ala. Code 1975, in pertinent part, provides:
 "(2) If the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence. . . .
 "(3) If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation. Full credit shall be awarded for full-time confinement in facilities such as county jail, state prison, and boot camp. Credit for other penalties, such as work release programs, intermittent confinement, and home detention, shall be left to the discretion of the court, with the presumption that time spent subject to these penalties will receive half credit. The court shall also give significant weight to the time spent on probation in substantial compliance with the conditions thereof. The total time spent in confinement may not exceed the term of confinement of the original sentence."
Construed in the context, the sentence "[t]he total time spent in confinement may not exceed the term of confinement of the original sentence," clearly refers to the total time a defendant has spent in confinement — whether it be in full-time confinement in facilities such as county jail, state prison, and boot camp, or any "partial" confinement such as work release programs, intermittent confinement, and home detention, if awarded — and that such total time of confinement may not exceed the term of the defendant's original sentence. In other words, the length of a defendant's sentence (as that term is defined in Cox, supra) may not be increased after his probation is revoked.
"Because the meaning of statutory language depends on context, a statute is to be read as a whole." Ex parte Jackson,614 So.2d 405, 406 (Ala. 1993). Words may have different meanings in different contexts. "Generally the construction or signification of the term is governed by the connection in which it is used, and depends on the context, the subject matter, and the object, purpose, or result designed to be accomplished by its use, and its meaning is to be determined from the facts and circumstances taken together in each particular case." Bayles v. Southern Guar. Ins. Co.,484 So.2d 1065, 1069 (Ala. 1986) (quoting 77 C.J.S. Resident at 305, 306 (1952)). Cf. Fleming v. Alabama Farm Bureau Mutual CasualtyInsurance Co., 293 Ala. 719, 722, 310 So.2d 200, 202 (1975) (" ' "[i]t is obvious that the word (family) is one of great flexibility and has 'many different meanings according to the connection in which it is used" ' "); In re Sollie, 292 Ala. 606,609, 298 So.2d 601, 603 (1974) ("[t]hat the phrase 'court of record' may have different meanings in different contexts was recognized even before Amendment 317 was adopted");Marshall County Bd. of Educ. v. State Tenure Comm'n., 291 Ala. 281,286, 280 So.2d 130, 133 (1973) ("[t]he words 'political' and 'personal' have many different meanings"); Ex parte AlabamaState Bar, 285 Ala. 191, 193, 230 So.2d 519, 521 (1970) ("[t]he courts have given the word conviction many different legal meanings, depending on the situations in which it is used");Carroll v. Alabama Public Service Commission, *Page 657 281 Ala. 559, 562, 206 So.2d 364, 366 (1968) ("[t]he word 'misconduct' has several different meanings"); State Farm Mut.Auto. Ins. Co. v. Hanna, 277 Ala. 32, 37, 166 So.2d 872, 876
(1964) ("[t]he word 'reside' is often used to express a different meaning according to the subject matter"); Carroll v.State, 599 So.2d 1253, 1265 (Ala.Cr.App. 1992), affirmed,627 So.2d 874 (Ala. 1993), cert. denied, ___ U.S. ___,114 S.Ct. 1207, 127 L.Ed.2d 554 (1994) (" '[t]he courts have given the word conviction many different legal meanings, depending on the situations in which it is used' "); McCall v. State,549 So.2d 623, 625 (Ala.Cr.App. 1989) ("[t]he term 'custody' has different meanings depending upon the context in which it is employed"). " 'A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.' " Lowe v. State, 54 Ala. App. 280, 28485, 307 So.2d 86, 90 (1974) (Cates, J., concurring) (quoting Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158,62 L.Ed. 372 (1918)).
When a defendant's probation is revoked, it is impossible to determine how much of that particular defendant's original sentence would have been spent in actual confinement had the defendant not been placed on probation. Any such potential determination rests upon the assumption that the prisoner would have earned the maximum amount of "good time," that he would not have had any prison disciplinary actions resulting in "good time" deductions, that the prisoner's eligibility for earning "good time" would not have changed during his sentence, and that the same "good time" administrative regulations and statutory laws would have remained in effect throughout the prisoner's entire sentence. The effect of the appellant's argument, if adopted by this Court, would be to grant him "good time" he never earned. Such a result is unreasonable.
 "The cardinal rule in interpreting legislative enactments, to which all other rules are subordinate, is that the court must ascertain and give effect to the true legislative intent. This court has many times held obvious errors in the language of statutes to be self-correcting and has declined to follow the literal language of statutes when to do so would defeat the legislative purpose in enacting the statute or would produce absurd or unreasonable results."
In re Opinion of the Justices, 267 Ala. 114, 117,100 So.2d 681, 684 (1958).
Therefore, we hold that in connection with Ala. Code 1975, § 15-22-54(d)(3), the phrase "term of confinement of the original sentence" means the original sentence, i.e., the maximum period of confinement the defendant could potentially serve without regard to any deduction from that sentence.
The judgment of the circuit court revoking the appellant's probation and imposing a "split" sentence is affirmed.
AFFIRMED.
All Judges concur.