BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Donald Earl Baker, challenges his 1982 guilty plea conviction for rape.
In his petition filed in January 1994, the appellant alleged that his guilty plea was not knowingly and voluntarily entered; that the sentence imposed upon him exceeded the maximum authorized by law; and that newly discovered material facts required that his conviction and sentence be vacated. Each of these allegations centered around his claim that the prosecution had breached the “plea bargain,” it had entered into with the appellant, pursuant to which, according to the appellant, he would be released on parole after serving one-third of his 30-year sentence “and that the prosecution would not enter any protest to [his] release on parole.” C.R. 10.
In response to questioning by the trial court, the appellant stated that he had asked the parole board for a hearing, but that he had not yet received a response. He acknowledged that he was “just mad because” he had not been given a parole hearing. R. 5. The trial court then stated:
“Well, what you’re looking for is not grounds for a Rule 32 petition, okay. Your petition is going to be denied. If you think you’re being done wrong, my suggestion is file a habeas corpus in federal court or wherever you’re being detained.” R. 5-6.
In its written order denying the petition, the trial court stated:
“The defendant alleges simply that he was told that he would be eligible for parole consideration after one-third of his [30-year] sentence or ten years and that he has served more time than that without parole being granted. This is not a Rule 32 problem and the Defendant has available to him other potential avenues of relief.” C.R. 18.
Rule 32.4, A.R.Crim.P., provides that “[a] proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal.” However, a Rule 32 proceeding is not the correct vehicle for raising parole issues. A petition for a writ of certiorari filed in the Circuit Court of Montgomery County “is the appropriate remedy for review of [the] actions” of the Alabama Board of Pardons and Paroles “in reference to the granting, denying, or revocation of paroles.” Sellers v. State, 586 So.2d 994, 995 (Ala.Cr.App.1991). See also Ellard v. State, 474 So.2d 743, 748 (Ala.Cr.App.1984), affirmed, 474 So.2d 758 (Ala.1985). In view of the fact that the Board of Pardons and Paroles has apparently not taken any “action” with regard to the appellant’s request for a hearing, it may be that his initial remedy is to file a petition for a writ of mandamus. See Ellard v. State, 474 So.2d at 752. See generally Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989). In any event, it is clear that the relief sought by the appellant, as the trial court correctly recognized, “is not a Rule 32 problem.” Consequently, the denial of the Rule 32 petition is due to be affirmed.
AFFIRMED.
All Judges concur.