McMILLAN, Presiding Judge.
The appellant, Johnny Sides, filed a petition for a writ of certiorari, alleging that his prison file contains information that is the basis for his denial of parole by the Board of Pardons and Paroles. The appellant requested the trial court to order the expungement from his prison file of all information pertaining to the offense of promoting prison contraband which was nol-prossed. The Department of Corrections moved to dismiss, arguing that the appellant is not entitled to have accurate information removed from his file. The trial court denied the petition on the ground that it failed to state a claim for which relief may be granted.
The appellant’s appointed counsel on appeal filed a “no-merit” brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
However, the Limestone Circuit Court did not have jurisdiction over this petition. It appears that the petition was erroneously treated as a petition for a writ of habeas corpus. The petition should have been entertained by the Montgomery Circuit Court. Sellers v. State, 586 So.2d 994 (Ala.Crim.App.1991).
Therefore, the Limestone Circuit Court’s judgment denying the appellant’s petition is reversed, and that court is ordered to transfer the petition to the Montgomery Circuit Court.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.