Merlin Collins filed a petition for a writ of certiorari in the Montgomery Circuit Court, arguing that the Alabama Department of Corrections ("DOC") had improperly classified him as a heinous offender. After the trial court denied his petition, Collins appealed to the Court of Criminal Appeals. The Court of Criminal Appeals concluded that the Court of Civil Appeals has jurisdiction to hear the appeal and transferred this case to that court. Collins v. Alabama Dep't ofCorrections, 911 So.2d 739 (Ala.Crim.App. 2004).
The Court of Civil Appeals has now transferred the case to this Court. See § 12-3-15, Ala. Code 1975. The Court of Civil Appeals has requested, that we determine which court of appeals has jurisdiction to hear Collins's appeal. We hold that jurisdiction lies with the Court of Criminal Appeals, and we transfer this case to that court.
The jurisdictional disagreement between the courts of appeals arose after this Court's decision in Ex parte Boykins,862 So.2d 587 (Ala. 2002). Boykins, an inmate, filed a petition for a writ of certiorari challenging DOC's denial of his request to receive incentive good time. The trial court treated the petition as a petition for a writ of habeas corpus and dismissed it. Boykins appealed, and the Court of Criminal Appeals affirmed the trial court's dismissal of his petition, stating that "`[b]ecause Boykins had no liberty interest in earning [incentive good time], the circuit court correctly denied his petition for writ of habeas corpus.'"862 So.2d at 589 (quoting the Court of Criminal Appeals' unpublished memorandum). This Court reversed the judgment of the Court of Criminal Appeals and remanded the case to that court, stating, in pertinent part:
 "In this case, Boykins's petition was correctly labeled as a petition for a writ of certiorari, but incorrectly reviewed as a petition for a writ of habeas corpus. It cannot be reviewed as a petition for a writ of habeas corpus because it does not seek relief from a restraint on any liberty Boykins has at present.
 "Moreover, we note that the DOC, as stated in Ala. Code 1975, § 14-1-1.2, is an 'administrative department responsible for administering and exercising direct and effective control over penal and corrections institutions throughout this state.' (Emphasis added.) Ala. Code 1975, § 41-22-3(1), defines `agency' as `[e]very board, bureau, commission, department, officer, or other administrative office or unit of the state.' (Emphasis added.) Accordingly, the DOC is an administrative agency that is within the scope of the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1 et seq. (`the Act'). The appropriate remedy to review the actions of administrative agencies is an appeal made in accordance with § 41-22-20(a) of the Act. However, pursuant to § 41-22-3(9)(g)(1)[1], as noted in Cox [v. State, *Page 1080 628 So.2d 1075 (Ala.Crim.App. 1993)], Boykins has no right to avail himself of such judicial review.
 "Thus, we conclude that Sellers v. State, 586 So.2d 994 (Ala.Crim.App. 1991), cited in Cox, supra, is more analogous to this case. In Sellers, the petitioner appealed the trial court's denial of his petition for a writ of habeas corpus, pursuant to which he sought review of the revocation of his parole by the Alabama Board of Pardons and Paroles (`the Board'). The Court of Criminal Appeals held that the actions of the Board could not be reviewed under the Act because Ala. Code 1975, § 41-22-3(3) exempts the Board from review. Thus, the court determined that the appropriate means for the petitioner to seek review of the Board's action was by petition for a writ of certiorari.
 "Here, Boykins, an inmate in a public institution, has sought review of the action of an administrative department, i.e., the DOC, regarding its denial of his request to receive [incentive good time]. Like the petitioner in Sellers, Boykins does not enjoy the statutory right of judicial review provided by § 41-22-20(a), a part of the Act, because he is excluded under § 41-22-3(9)(g)(1).
 "`Alabama law is clear that, in the absence of a right of appeal, a party seeking review of a ruling by an administrative agency may petition the circuit court for a common law writ of certiorari.' State Personnel Bd. v. State Dep't of Mental Health Retardation, 694 So.2d 1367, 1371
(Ala.Civ.App. 1997), citing Ellard v. State, 474 So.2d 743 (Ala.Crim.App. 1984), affirmed, 474 So.2d 758 (Ala. 1985). See also Alabama Dep't of Mental Health Mental Retardation v. Kirby, 579 So.2d 675 (Ala.Civ.App. 1991). `Certiorari will not issue, however, if a right of appeal is available.' State Personnel Board, 694 So.2d at 1371. `[W]here an applicable statute provides no right of appeal and no statutory certiorari review, the only means of review is the common law writ of certiorari.' Hardy v. Birmingham Bd. of Educ., 634 So.2d 574, 576 (Ala.Civ.App. 1994). Hence, Boykins's only means to seek review of the actions of the DOC is by a petition for a writ of certiorari. Consequently, the Court of Criminal Appeals erred in affirming the trial court's treatment of Boykins's petition for a writ of certiorari as a petition for a writ of habeas corpus and its denial of that petition. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the cause remanded for the Court of Criminal Appeals to reverse the judgment of the trial court and remand the cause for the trial court to review Boykins's petition for a writ of certiorari reviewing the DOC's denial of his request to be allowed to earn [incentive good time]."
862 So.2d at 593-94.
Relying upon its interpretation of our decision inBoykins, the Court of Criminal Appeals has concluded that it "would have jurisdiction to review certiorari petitions challenging DOC actions involving an inmate's conduct [while incarcerated], while the Court of Civil Appeals would have jurisdiction to review petitions challenging decisions based on factors other than the inmate's conduct [while incarcerated]."McConico v. Alabama Dep't of Corrections,893 So.2d 577, 581 n. 5 (Ala.Crim.App. 2004). Because Collins "challenged a custody reclassification that was not based on conduct that occurred while he was in prison," Collins,911 So.2d at 743, the Court of Criminal Appeals, based on its *Page 1081 
reasoning in McConico, transferred his appeal to the Court of Civil Appeals. After it issued its opinion inCollins, the Court of Criminal Appeals, on the same basis, has transferred other appeals to the Court of Civil Appeals. See, e.g., Block v. Alabama Dep't ofCorrections, 923 So.2d 342 (Ala.Crim.App. 2005); Beckv. Alabama Bd. of Pardons Paroles, 907 So.2d 1096
(Ala.Crim.App. 2005); and Jacobs v. Alabama Dep't ofCorrections, 900 So.2d 485 (Ala.Crim.App. 2004).
The Court of Civil Appeals has concluded that the Court of Criminal Appeals has misconstrued this Court's decision inBoykins. See Gerthoffer v. Alabama Dep't ofCorrections, 973 So.2d 355 (Ala.Civ.App. 2007) (transferring an appeal to the Court of Criminal Appeals). According to the reasoning of the Court of Civil Appeals in Gerthoffer, the Court of Criminal Appeals has jurisdiction to review all appeals in cases in which an inmate files a petition for a writ of certiorari to challenge a DOC decision, regardless of when the relevant conduct of the inmate occurred.
The Court of Criminal Appeals has misconstrued this Court's decision in Boykins. In Boykins, we certainly did not state, and we did not intend to imply, that the Court of Criminal Appeals' jurisdiction is limited to appeals in cases where the petitions for a writ of certiorari challenge DOC actions involving the conduct of inmates while they are incarcerated. Consequently, we over-ruleCollins, and we transfer this appeal to the Court of Criminal Appeals. Further, we overrule all decisions of the Court of Criminal Appeals that conflict with today's decision, including, but not necessarily limited to, Boykins v.State, 862 So.2d 594 (Ala.Crim.App. 2003) (opinion on remand from the Alabama Supreme Court), McConico, Jacobs,Beck, and Block.
APPEAL TRANSFERRED TO THE COURT OF CRIMINAL APPEALS.
SEE, LYONS, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
COBB, C.J., and MURDOCK, J., recuse themselves.
[1] This subsection excludes from the definition of "rule" "[a]ny rules or actions relating to . . . [t]he conduct of inmates of public institutions. . . ."