SEE, Justice.
 

 James Robinson filed a declaratory-judgment action in the Bibb Circuit Court challenging an Alabama Department of Corrections (“DOC”) disciplinary action arising out of conduct that occurred while he was incarcerated in the Bibb Correctional Facility. The Bibb Circuit Court entered an order transferring Robinson’s case to the Montgomery Circuit Court and converting it to a petition for the writ of certiorari. The Montgomery Circuit Court dismissed Robinson’s petition, and Robinson appealed to the Court of Criminal Appeals. That court transferred his appeal to this Court. We now transfer it back to the Court of Criminal Appeals.
 

 In
 
 Ex parte Boykins,
 
 862 So.2d 587, 593 (Ala.2002), this Court stated:
 

 “[T]he DOC, as stated in Ala.Code 1975, § 14-1-1.2, is an
 
 ‘administrative department
 
 responsible for administering and exercising direct and effective control over penal and corrections institutions throughout this state.’ Ala.Code 1975, § 41-22-3(1), defines ‘agency’ as ‘[ejvery board, bureau, commission,
 
 department,
 
 officer, or other administrative office or unit of the state.’ (Emphasis added [in
 
 Boykins
 
 ].) Accordingly, the DOC is an administrative agency that is within the scope of the Alabama Administrative Procedure Act, Ala.Code 1975, § 41-22-1 et seq. (‘the Act’). The appropriate remedy to review the actions of administrative agencies is an appeal made in accordance with § 41-22-20(a) of the Act.- However, pursuant to § 41-22-3(9)(g)(l),[
 
 1
 
 ] as noted in
 
 Cox [v. State,
 
 628 So.2d 1075 (Ala.Crim.App.1993) ], Boykins has no right to avail himself of such judicial review.”
 

 “Alabama law is clear that, in the absence of a right of appeal, a party seeking review of a ruling by an administrative agency may petition the circuit court for a common law writ of certiorari.”
 
 State Pets. Bd. v. State Dep’t of Mental Health & Mental Retardation,
 
 694 So.2d 1367, 1371 (Ala.Civ.App.1997) (citing
 
 Ellard v. State,
 
 474 So.2d 743 (Ala.Crim.App.1984)). Therefore, the Bibb Circuit Court correctly converted Robinson’s action seeking a
 
 *60
 
 declaratory judgment to a petition for the writ of certiorari.
 

 We have held that the Court of Criminal Appeals has jurisdiction to hear an inmate’s appeal of the trial court’s denial of his petition for the writ of certiorari challenging a decision of the DOC.
 
 Collins v. Alabama Dep’t of Corr.,
 
 982 So.2d 1078, 1081 (Ala.2007) (“The Court of Criminal Appeals has misconstrued this Court’s decision in
 
 Boykins.
 
 In
 
 Boykins,
 
 we certainly did not state, and we did not intend to imply, that the Court of Criminal Appeals’ jurisdiction is limited to appeals in cases where the petitions for a writ of certiorari challenge DOC actions involving the conduct of inmates while they are incarcerated. Consequently, we overrule
 
 Collins[ v. Alabama Department of Corrections,
 
 911 So.2d 739 (Ala.Crim.App.2004) ], and we transfer this appeal to the Court of Criminal Appeals. Further, we overrule all decisions of the Court of Criminal Appeals that conflict with today’s decision, including, but not necessarily limited to,
 
 Boykins v. State,
 
 862 So.2d 594 (Ala.Crim.App.2003) (opinion on remand from the Alabama Supreme Court),
 
 McConico[ v. Alabama Department of Corrections,
 
 893 So.2d 577 (Ala.Crim.App.2004) ],
 
 Jacobs[ v. Alabama Department of Corrections,
 
 900 So.2d 485 (Ala.Crim.App.2004) ],
 
 Beck[ v. Alabama Board of Pardons & Paroles,
 
 907 So.2d 1096 (Ala.Crim.App.2005) ], and
 
 Block[ v. Alabama Department of Corrections,
 
 923 So.2d 342 (Ala.Crim.App.2005) ].”). Based on our decisions in
 
 Boykins
 
 and
 
 Collins,
 
 we transfer Robinson’s appeal to the Court of Criminal Appeals.
 

 APPEAL TRANSFERRED.
 

 COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
 

 [1]
 

 . Ala.Code 1975, § 41-22-3(9)g.l., excludes from judicial review "any rules or actions relating to ... [t]he conduct of inmates of public institutions.”