MAIN, Judge.
James Steve Pearson, an inmate incarcerated in a facility operated by the Alabama Department of Corrections, filed a petition for a writ of certiorari, challenging the denial by the Alabama Department of Corrections (“DOC”) of his request to re *831 ceive incentive good time.[1] On May 19, 2009, the DOC answered and moved to dismiss Pearson’s complaint on the basis that, pursuant to § 14-9-41(e), Ala.Code 1975, he was not entitled to receive incentive good time for time served based on a conviction for first-degree sodomy, a Class A felony. The DOC attached to its motion an affidavit from Mark Bruton, assistant director of records for DOC, copies of the transcript of conviction report, and a copy of Pearson’s inmate summary as of April 22, 2009, which indicated that he was convicted of the offenses of first-degree sodomy and second-degree sodomy. The circuit court entered an order granting DOC’s motion to dismiss on June 15, 2009. Pearson filed a notice of appeal on July 27, 2009.[2]
Pearson argues on appeal that the circuit court erred by denying his petition for a writ of certiorari because, he says, he should have been granted incentive good time because he was convicted of two counts of second-degree sodomy, Class B felonies, and sentenced to less than 15 years on each count,[3] and not one count of first-degree sodomy, a Class A felony, and one count of second-degree sodomy, as reflected in the DOC’s “Inmate Summary as of 4/22/2009.” Pearson also appears to argue that he should not be denied incentive good time based on the last sentence of § 14-9-41(e), Ala.Code 1975, which provides: “[n]o person may be placed in Class I [correctional-incentive-time-earning status] if he or she has been convicted of a crime involving the perpetration of sexual abuse upon the person of a child under the age of 17 years.” On appeal, the State concedes that the offenses of which Pearson was convicted are incorrectly listed on DOC’s “Inmate Summary as of 4/22/2009.”
This Court has jurisdiction to hear an inmate’s appeal of the trial court’s denial of petition for a writ of certiorari challenging a decision of the DOC. Robinson v. State, 12 So.3d 58, 60 (Ala.2008), citing Collins v. Alabama Dep’t of Corr., 982 So.2d 1078, 1081 (Ala.2007).
From our review of the record in the direct appeal in this case, the case-action summary sheet included in the original record certified to the Court of Criminal Appeals indicated that Pearson had been convicted of one count of first-degree sodomy and one count of second-degree sodomy. However, the sentencing order and the transcript of the sentencing hearing show that Pearson was convicted of two counts of second-degree sodomy as charged in the indictment and that he was sentenced to five years on each count, with the sentences to run consecutively. Furthermore, count I and count II of the *832 indictment, which appears in the original record certified to the Court of Criminal Appeals and reads as follows:
“James Steve Pearson ... did engage in deviate sexual intercourse ... oral sex, with another ... C.T., who was less than 16 years of age and more than 12 years of age, in violation of 13A-6-64(a)(l) of the Code of Alabama....”
“James Steve Pearson ... did engage in deviate sexual intercourse ... anal intercourse, with another ... C.T., who was less than 16 years of age and more than 12 years of age, in violation of 13A-6-64(a)(l) of the Code of Alabama-”
Although both offenses that Pearson was convicted of were second-degree sodomy, it appears from the record that the minute entries on the case-action summary are incorrect; thus, DOC’s inmate summary reflected the incorrect offenses as well.
Those prisoners whose convictions specifically exclude them from participation in the incentive-credit program are specified in § 14-9-41(e), Ala.Code 1975, which provides, in pertinent part, that “[n]o person may receive the benefits of correctional incentive time if he or she has been convicted of a criminal sex offense involving a child as defined in Section 15-20-21(5).” Section 15-20-21(5), defines a “criminal sex offense involving a child” as “[a] conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.” The indictments in this case indicate that the victim was more than 12 years of age but less than 16 years of age.
For these reasons, and based on the records before this Court, we conclude that this case must be remanded for the circuit court to conduct a hearing on the merits of Pearson’s claims that he is entitled to, but is being improperly denied, some amount of good-time credit pursuant to § 14-9-41, Ala.Code 1975. The return to remand shall include the circuit court’s specific written findings of fact and a transcript of the evidentiary hearing. Due return shall be made to this Court within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS*
WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.

. Pearson was convicted of two counts of second-degree sodomy, violations of § 13A-6-64(a)(1), Ala.Code 1975. The trial court sentenced him to 5 years’ imprisonment on each conviction, the sentences to run consecutively. This Court affirmed his conviction in an unpublished memorandum issued on May 23, 2008. See Pearson v. State, (No. CR-06-1028) 26 So.3d 505 (Ala.Crim.App.2008) (table).

. We note that the State argues that Pearson’s appeal was not timely filed. From a review of the record, we conclude that Pearson’s appeal was timely filed. See Rule 4, Ala. R.App.P. (stating that a notice of appeal is timely if filed within 42 days of entry of the final judgment or appealable order). See, e.g., Ex parte Allen, 825 So.2d 271, 272 (Ala.2002) (“Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have ‘filed’ a Rule 32, Ala.R.Crim.P., petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing.”), and Holland v. State, 621 So.2d 373, 375 (Ala.Crim.App.1993) ("[W]e hold that a pro se incarcerated petitioner 'files’ a Rule 32 petition, Ala.R.Crim.P., when he hands the petition over to prison authorities for mailing.”).

.See supra note 1.

 Note from the reporter of decisions: On June 23, 2011, the Court of Criminal Appeals, by order, remanded the case to the Montgomery Circuit Court for the second time. On August 15, 2011, the Montgomery Circuit Court provided the Court of Criminal Appeals with an order dated August 10, 2011, stating that the matter was now moot. Attached to the order was a document from the Department of Corrections showing that Pearson had reached the expiration of his sentence on April 18, 2011. On December 6, 2011, the Court of Criminal Appeals dismissed the appeal.