BOWEN, Presiding Judge.
This is an appeal by the Alabama Department of Corrections from the order of the circuit court granting a default judgment against the State for its failure to timely amend its answer in response to an inmate’s petition for writ of habeas corpus within the time set by the court. The relevant history of this case is as follows:
June 2, 199J^: A petition for a writ of habeas corpus was filed by Michael Malone, an inmate in the Alabama prison system. Malone complained that he was not receiving retroactive incentive good time credit on his 1990 sentence of 15 years for robbery in the third degree.
July 27, 1994.: An assistant attorney general assigned to the Alabama Department of Corrections and and representing the respondent, filed a motion to dismiss the petition. C.R. 18.
August 3, 1991,l: Malone filed a motion, dated August 1, 1994, to strike the respondents’ motion to dismiss. C.R. 23.
The circuit court filed the following order (which was dated August 2, 1994):
*93 “The Court has reviewed the Petition and other pleadings filed in the above styled cause as well as the Respondents’ Motion to Dismiss/Answer to the Petition. Upon this review, the Court finds that the Motion to Dismiss/Answer filed by the Respondents did not address the issues raised in the Petition.
“It is therefore ORDERED that the Respóndenos are] granted 30 days from this date in which to amend the Motion to Dismiss/Answer, to address the issues raised in the Petition.” C.R. 27.
September 9, 199k: Malone filed a motion seeking a default judgment. That motion included a certificate of service showing that the attorney for the respondents had been served with a copy of the motion. C.R. 48.
September 13, 199k: The circuit court granted Malone’s motion for default judgment and ordered “that petitioner be granted retroactive good time accrued from the date of his conviction for Robbery III, September 24, 1990, in Tuscaloosa County, as requested in his petition for habeas corpus.” C.R. 49.
September 22, 199k: The respondents filed a motion to set aside the default judgment, claiming that they “never received the order of August 2, 1994, ordering an amended motion to dismiss and answer.” C.R. 51. At that time, the respondents also filed an “amended answer and motion to dismiss.” C.R. 54. Attached to the amended answer is the affidavit of Betty Teague, director of central records of the Alabama Department of Corrections, stating that “Michael Malone was denied retroactive CIT by Commissioner Herring pursuant to Code of Alabama[, §] 14-9-41. Please review attached checklist which states the reason for the denial was due to the violent nature of the offense.” C.R. 57. September 23, 199k: The circuit court entered its order denying the respondents’ motion to set aside the default judgment:
“The Petitioner filed his Petition for Writ of Habeas Corpus in the Circuit Court of Elmore County on June 2, 1994. The Respondents filed a Motion to Dismiss on July 27, 1994, which was unresponsive to the allegations raised in the Petition. On August 2, 1994, the Court, on its own Motion, Ordered the Respondents and Granted them 30 days to amend their response to address the issues raised in the Petition. The case action summary reflects that a copy of this Court’s order was mailed to Counsel for the Respondents on August 3, 1994. On September 9, 1994, the Petitioner filed a Motion for Default Judgment and the Court granted the Motion by Order dated September 13, 1994. The Motion for Default Judgment was granted because the Respondents had failed to amend their Motion to Dismiss and Answer as Ordered by the Court.
“The Respondents, in their Motion to Set Aside the Default Judgment, aver that they never received a copy of the Court’s Order dated August 2, 1994, which Ordered them to amend their Motion to Dismiss and specifically address the allegations contained in the Petition. This Court believes and finds that a copy of its order was indeed sent or mailed to the Respondent’s Counsel and therefore they had sufficient notice of the order and time to respond.
“This Court recognizes that default judgments are not favored. However, the justice system cannot properly function if the Alabama Rules of Civil Procedure and orders of the Court are not followed.
“Accordingly, the Respondents’ Motion to Set Aside Default Judgment is Denied.
“This Court’s Default Judgment order is not intended to address the merits of the Petitioner’s claims. The judgment is solely procedural and entered due to the Respondents’ failure to comply with the Order of the Court.” C.R. 70-1.
In Prescott v. Baker, 644 So.2d 877, 879-80 (Ala.1994), the Alabama Supreme Court stated:
“A trial court has broad discretionary power to grant or deny a Rule 55(c)[, AR.Civ.P.,] motion to set aside a default judgment, and its decision will not be reversed absent an abuse of discretion.
*94 Kirtland v. Fort Morgan Auth. Server Serv., Inc., 524 So.2d 600, 603 (Ala.1988). In determining whether to grant or deny a motion to set aside a default judgment, however, the trial court should exercise its discretion with liberality and should balance the equities of the case with a strong inclination toward allowing the defendant to have his day in court. To guide trial courts in the exercise of their discretion, this Court has specified three factors the trial courts should consider: (1) Whether the defendant has a meritorious defense;
(2) Whether the plaintiff will be prejudiced if the default judgment is set aside; and
(3) Whether the default judgment was a result of the defendant’s own culpable conduct. Kirtland, 524 So.2d at 605-08.
[[Image here]]
“Prejudice must be substantial to justify the denial of a motion to set aside a default judgment; minimal prejudice, which may be remedied effectively by imposing costs on the defaulting party, is insufficient. Kirtland, 524 So.2d [at] 607....
[[Image here]]
“... ‘Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient.’ Kirtland, 524 So.2d at 607. The Court has defined ‘willful and bad faith conduct’ in this context as ‘conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.’ Kirtland, 524 So.2d at 608. ‘[A] defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability.’ Id. at 608.”
Although we understand the frustration of the circuit court in dealing with this matter, the circuit court may have granted the petitioner retroactive good time credit to which he is not entitled. It appears that there may be no merit to the appellant’s substantive claim, although we do not decide that issue at this time. Compare Brookss v. State, 622 So.2d 447 (Ala.Cr.App.1993). An inmate has no protected interest in “good time.” See Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir.1991), cert. denied, - U.S. -, 113 S.Ct. 123, 121 L.Ed.2d 79 (1992); Gullett v. State, 613 So.2d 400, 401 (Ala.Cr.App.1992).
“Whether to grant or deny a motion to set aside a default judgment is discretionary with the trial court, and its ruling will be reversed only for an abuse of discretion. Baker v. Jones, 614 So.2d 450 (Ala.1993). One moving to set aside a default judgment must first produce evidence of a meritorious defense; that evidence must indicate that the case could be decided differently if tried on the merits and, thus, justify reopening the case so that justice can be done. Kirtland v. Fort Morgan Authority Server Service, Inc., 524 So.2d 600, 605 (Ala.1988). A defaulting party has satisfactorily made a showing of a meritorious defense if the allegations in an answer or in a motion and its supporting affidavits, if proven at trial, would constitute a complete defense to the claims against the defaulting party or if sufficient evidence has been adduced either by affidavit or by some other means to warrant submitting the case to the jury. Kirtland, at 605-06. The allegations set forth to establish the defense must be more than bare legal assertions; they must counter the allegations in the complaint with specific legal grounds substantiated by a basis of credible fact. Kirtland, at 605-06.”
Martin v. Robbins, 628 So.2d 614, 617-18 (Ala.1993).
Based on the foregoing, we reverse the judgment of the circuit court denying the respondents’ motion to set aside the default judgment and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.