The appellant, Ricky Morrison, appeals the trial court's summary denial of his petition for a writ of habeas corpus. He raises three issues on appeal.
According to the appellant, he was sentenced on January 27, 1986, to serve 15 years in prison after being convicted of unlawful distribution of marijuana. On April 20, 1993, he was sentenced to serve 10 years in prison after being convicted of unlawful distribution of a controlled substance, which offense he committed while on parole. This latter sentence, which he began serving on April 20, 1993, was to be served concurrently with the prior, 15-year sentence for unlawful distribution.
The appellant contends that the Department of Corrections ("DOC") did not adequately answer his petition for the writ of habeas corpus in its motion to dismiss his petition. Therefore, according to the appellant, his allegations must be taken as true and his release date be changed to July 96. This contention, however, was not raised at the trial level in the appellant's "Motion to Refute" the motion to dismiss, and is, therefore, precluded from appellate review. " 'To preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.' " McKinney v. State, 654 So.2d 95,101 (Ala.Cr.App. 1995) (citations omitted).
The appellant contends that it is impossible to determine whether his "good time" has been correctly calculated based on the motion to dismiss, the affidavit of Betty Teague,[1] and the computer printouts submitted by the DOC. He argues that "there [is] no other evidence presented by the State before the trial court which conclusively attests to the fact that the Department has indeed correctly calculated any good time the Appellant received since the date of his 1993 incarceration." Appellant's brief at page 8. The appellant argued at trial that the Department *Page 1261 
of Corrections has incorrectly calculated his minimum release date in that his minimum release date was scheduled for 7/96 and that now his minimum release date is scheduled for 1/97 with no explanation. He specifically requests that all time from "1986 until 1993 until 1995 be retroactive back to me [sic], and all my time served go toward my minimum release date." Appellant's brief at page 4 quoting C.R. 3. The claim that the appellant was entitled to retroactive good time was specifically abandoned on appeal. He argues on appeal that the record does not affirmatively prove that the DOC did not make a mathematical error computing his release date. This specific issue was not presented to the trial court in the appellant's "Motion to Refute" and is therefore precluded from appellate review. McKinney, supra.
Regardless of the procedural bar, we note that under §14-9-41(g)(2), Ala. Code 1975, the commencement of the 10-year sentence, i.e., April 20, 1993, is the starting point for computing the appellant's remaining sentence. Because this sentence ran concurrently with the 15-year sentence and because the expiration date of the April 20, 1993, sentence was beyond the expiration date of the 15-year sentence, the sentence imposed on April 20, 1993, in essence caused the 15-year sentence to cease to exist, and the appellant no longer benefitted from any good time he may have acquired on the 15-year sentence. Henley v. Johnson, 885 F.2d 790, 793-94 (11th Cir. 1989) (prisoner in Alabama prison petitioned for a writ of habeas corpus alleging that "he [was] being illegally detained by virtue of an incorrectly computed Alabama State Board of Corrections Inmate Summary"). The DOC calculations reflect that the appellant's "long date" of release is September 2, 2002; that total good time is 3 years, 8 months, and 9 days; and that the earliest release date is January 29, 1997. C.R. 7. The appellant has presented only an allegation that the DOC's computation of the appellant's earliest release date as January 29, 1997 (C.R.7), is error. Absent a sufficient showing to the contrary, we assume that the calculations of the DOC were correct.
The appellant contends that because the trial court's order stated that the calculation of his time of release was based upon the 15-year conviction, "there has been no ruling by the trial court which is consistent with the evidence presented before it and the ruling of the trial court is due to be reversed and remanded." Appellant's brief at page 9. The reference to the 15-year conviction is obviously an error because the appellant correctly states that "Both the DOC and the appellant alleged that his time for incarceration is based upon his 10-year sentence incurred on 4/20/93." Appellant's brief at page 9. Additionally the trial court's order states that the appellant received a 10-year sentence in April 1993, which was to run concurrently with a 15-year sentence imposed in 1986. In an abundance of caution and in order to avoid any future confusion over the length of the appellant's sentence, we remand this case to the trial court with the instruction to correct its order to reflect that the release time was based upon the 10-year conviction. A return should be filed with this Court within 45 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
[1] The affidavit of Ms. Teague refutes the appellant's allegation that he is being illegally detained. She states: "This is to certify that Ricky Morrison's release date is based upon a 10-year conviction he received April 20, 1993. Therefore, retroactive CIT is not applicable, as far as computing on this controlling sentence pursuant to Code of Alabama 14-3-38. His minimum release date of 1-29-97 is correct." C.R. 5.
* Note from the Reporter of Decisions: On November 22, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.