On November 30, 2004, David Ward, an inmate at the Hamilton Work Release Center, was assigned to work at a facility operated by Gold Kist, Inc. A report was received at the Hamilton Work Release Center, advising the Department of Corrections ("DOC") that Ward had been fired from his job at Gold Kist because he had tested positive for alcohol while on the job. Later, Gold Kist personnel learned that while he was employed there, Ward had taken a vehicle from company property. In response to the report, Lt. Harold Boyett, a DOC officer, was dispatched to the Gold Kist facility, where he picked Ward up at approximately 8:18 a.m. Ward was charged with three major rules violations — Rule 86, under Annex A to Admin. Reg. No. 113 (Ala. Dept. of Corr.), being fired from a job; Rule 90, consumption or use of alcohol or being under the influence of alcohol; and Rule 47, escape (without force).
Ward was served with notice of the disciplinary charges. Ward pleaded guilty to violating Rule 86 and Rule 90, but he maintained his innocence regarding the escape charge, which was based on his leaving Gold Kist's property in a vehicle. At a disciplinary hearing held on December 8, 2004, the hearing officer found Ward not guilty of escape but recommended that he be charged with the lesser offense of being in an unauthorized area. Upon review by DOC, Ward was charged with the recommended lesser offense. On December 10, 2004, Ward was found guilty of being in an unauthorized area. The hearing officer recommended that Ward be referred to classification for a possible increase in custody status and that he lose all privileges for 15 days. That recommendation was approved by the DOC, and a copy of the completed disciplinary action was served on Ward on December 20, 2004. Subsequently, on March 10, 2005, a classification team met and concluded that Ward's custody status should be increased to medium on the basis of the disciplinaries he had received.
Ward filed a petition for a writ of habeas corpus. In his petition, Ward claims (1) that he was denied due process in his disciplinary proceedings because, he says, his violations were based on hearsay; (2) that his due-process rights were violated when the disciplinary proceedings were reinstated on December 10, 2004, and the charge against him was altered; (3) that he was denied due process because the reviewing officer in the proceedings was also one of the officers involved in the investigation of the charges against him; and (4) that his due-process rights were violated when he did not receive a hearing before his removal from full work-release status. On appeal, he also contends that the trial court erroneously dismissed his petition without first conducting a hearing. *Page 1050 
The dismissal of a petition for a writ of habeas corpus is reviewed under an abuse-of-discretion standard. Miller v.State, 668 So.2d 912 (Ala.Crim.App. 1995). A circuit court may summarily deny a habeas petition without holding an evidentiary hearing if the pleadings are sufficient to show that there is no merit to the petition. D.L.S. v. State, 675 So.2d 1363
(Ala.Crim.App. 1995).
Initially, we note that the circuit court correctly determined that Ward had suffered no loss of a liberty interest. Only when there is loss of a protected liberty interest will the due-process protections of Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), be implicated. "`[B]ecause no liberty interest was involved in the deprivations suffered by the appellant, the protections described in Wolff [v. McDonnell,418 U.S. 539] were not triggered.'" Washington v. State,690 So.2d 539, 540 (Ala.Crim.App. 1997) (quoting Dumas v. State,675 So.2d 87, 89 (Ala.Crim.App. 1995)).
In Ex parte Berry, 794 So.2d 307, 308 (Ala. 2000), the Alabama Supreme Court held:
 "The language in the Classification Manual prevents the Department of Corrections from arbitrarily removing an inmate from the work-release program, and, by doing so, creates a liberty interest in an inmate's continued participation in the work-release program. Therefore, the circuit court erred in summarily dismissing Berry's petition for the writ of habeas corpus. Berry's petition creates a genuine issue of material fact as to the applicability of the regulation to his work-release status."
However, subsequent to the Supreme Court's decision in Exparte Berry, the DOC changed the language in its ClassificationManual. On July 9, 2003, the Classification Manual was amended to delete the requirement that a due-process hearing be held before an inmate is removed from full work-release status. The pertinent language now reads: "[A] reclassification process is not required in order to remove an inmate from work release." This language does not prevent the arbitrary removal of an inmate from the work-release program; therefore this language does not create a liberty interest in remaining in the work-release program, like the language in the Classification Manual as the time Ex parte Berry was decided did.
Ward's disciplinary infractions occurred in November 2004 — over one year after the amended Classification Manual was in force. Because no liberty interest was at stake, Ward was not entitled to the due-process protections of Wolff v. McDonnell, supra. Thus, Ward's claim that he was entitled to due process before being removed from the work-release program, on whatever grounds he asserts, is without merit.
Because Ward's claims in his petition were facially without merit, the circuit court's summary disposition of the petition was appropriate.
Accordingly, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
 *Page 259