BASCHAB, Presiding Judge.
The appellant, Herman R. Corley, Jr., an inmate incarcerated at Bibb Correctional Facility, filed a petition for a writ of habeas corpus, alleging that the Department of Corrections (“DOC”) had incorrectly calculated his release date. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
On October 27, 1998, the appellant was convicted of unlawful distribution of a controlled substance in case number CC-96-632. The trial court sentenced him to serve a term of ten years in prison. It also enhanced his sentence by five years because the sale occurred within three miles of a school and an additional five years because the sale occurred within three miles of a public housing project. See §§ 13A-12-250 and 13A-12-270, Ala. Code 1975. The appellant was released on parole on April 14, 2003; he was declared delinquent on January 17, 2006; he was recaptured on January 24, 2006; and his parole was revoked on February 21, 2006. On May 12, 2006, in case number CC-06-140, the appellant was convicted of unlawful possession of a controlled substance. The trial court sentenced him to serve a term of fifteen years in prison and ordered that he serve that sentence concurrently *595 with his sentence in case number CC-96-632.
The appellant argues that his release date should be governed by § 14-9-41(g)(2), Ala.Code 1975, rather than § 14-3-38(c), Ala.Code 1975. Section 14-9-41(g)(2), Ala.Code 1975, provides, in pertinent part:
“When a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his release date and correctional incentive time under the provisions of this article.”
Therefore, the appellant contends that his May 2006 conviction results in a longer period of incarceration yet remaining and that that conviction should be used for purposes of computing his release date.
Without distinguishing § 14-9-41(g)(2), Ala.Code 1975, the State simply argues that the appellant’s release date should be governed by § 14-3-38(c), Ala.Code 1975, which provides, in pertinent part:
“In case the prison record of a convict serving two or more sentences concurrently is good, he shall be discharged at the expiration of the longest term of imprisonment to which he was sentenced, less any deduction therefrom accorded him pursuant to Sections 14-9-1 through 14-9-3.”[1]
Therefore, it contends that, because the appellant’s October 1998 sentence resulted in a longer term of imprisonment, that conviction should be used for purposes of computing the appellant’s release date.
This court addressed a similar issue in Morrison v. State, 687 So.2d 1259 (Ala.Crim.App.1996). In Morrison, the appellant filed' a petition for a writ of habeas corpus, challenging DOC’s calculation of his release date. He alleged that
“he was sentenced on January 27, 1986, to serve 15 years in prison after being convicted of unlawful distribution of marijuana. On April 20, 1993, he was sentenced to serve 10 years in prison after being convicted of unlawful distribution of a controlled substance, which offense he committed while on parole. This latter sentence, which he -began serving on April 20, 1993, was to be served concurrently with the prior, 15-year sentence for unlawful distribution.”
687 So.2d at 1260. Based on those facts, we concluded that,
“under § 14-9-41(g)(2), Ala.Code 1975, the commencement of the 10-year sentence, i.e., April 20, 1993, is the starting point for computing the appellant’s remaining sentence. Because this sentence ran concurrently with the 15-year sentence and because the expiration date of the April 20, 1993, sentence was beyond the expiration date of the 15-year sentence, the sentence imposed on April 20, 1993, in essence caused the 15-year sentence to cease to exist.... ”
687 So.2d at 1261.
Neither the State nor the circuit court specifically responded to the appellant’s argument that § 14-9-41 (g)(2), Ala. Code 1975, rather than § 14-3-38(c), Ala. Code 1975, governs his release date.
“When the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood[ v. State, 646 So.2d 158 (Ala.Crim.App.1993) ]. See also Boutwell [v. State, *596 488 So.2d 33, 34 (Ala.Crim.App.1986)] (‘The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.’).”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Crim.App.1995).
Based on Morrison, it appears that the appellant’s argument may be meritorious. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact addressing the validity of the appellant’s argument. On remand, the circuit court shall require the State to respond specifically to the appellant’s argument and may also conduct an evidentiary hearing on the argument. The State’s response shall include any documents and/or administrative regulations upon which it relies to support its position. On remand, the circuit court may grant such relief, if any, that it determines to be necessary. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; the State’s response and any supporting documents; and, if applicable, a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, WISE, and WELCH, JJ., concur; SHAW, J., dissents, with opinion.

. Sections 14-9-1 through 14-9-3, Ala.Code 1975, were repealed effective May 19, 1980.