SHAW, Judge,
dissenting.
In my view, remanding this case for the trial court to make “findings of fact addressing the validity of the appellant’s argument,” 988 So.2d at 596, is premature in the absence of a determination by this Court as to which of the statutes in question controls for purposes of calculating the appellant’s release date—§ 14-9-41(g)(2), Ala.Code 1975 (on which the appellant relies), or § 14-3-38(c), Ala.Code 1975 (on which the Department of Corrections (“DOC”) and the trial court relied and which the State says is applicable). This Court in Morrison v. State, 687 So.2d 1259 (Ala.Crim.App.1996), did not address this specific legal issue. I note that if DOC correctly applied § 14-3-38(c) in calculating the appellant’s release date, then, based on the record before us, this Court should affirm the trial court’s dismissal of the petition. On the other hand, if § 14-9^41(g)(2) controls, then this Court would need to address the appellant’s contention that, under the rationale of Morrison, his 20-year sentence for unlawful distribution of a controlled substance (case no. CC-96-632) “ceased to exist” for purposes of § 14-9-41(e), Ala.Code 1975, so that he could receive the benefits of correctional incentive time with respect to his 15-year sentence for unlawful possession of a controlled substance (case no. CC-06-140).[2] Both of these legal issues must be resolved favorably to the appellant before he might qualify for correctional incentive time under the terms of § 14-9-41(a), Ala.Code 1975.
*597 For the foregoing reasons, I respectfully dissent.

. Section 14—9-41(e) provides that no person who has received a sentence in excess of 15 years in the state penitentiary may receive the benefits of correctional incentive time.