WELCH, Judge.
Marshall Montgomery, an inmate at El-more Correctional Facility in Elmore, Alabama, appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus. Montgomery filed his petition against the State Department of Corrections (“DOC”), alleging that the DOC had miscalculated the expiration date of his sentence. Specifically, Montgomery contends that the DOC was not deducting all of his “jail credit,” as it had been ordered by the sentencing court.
The record shows that on April 15, 2002, the Jefferson Circuit Court imposed four 15-year prison sentences on Montgomery, to be served concurrently, for his four convictions of criminal possession of a forged instrument. Five and one-half months later, on October 4, 2002, the Jefferson Circuit Court imposed an additional 15-year prison sentence on Montgomery for his conviction of possession of a controlled substance. That sentence was to be served concurrently with the four sentences imposed on April 15, 2002.
A petition for writ of habeas corpus is the proper method by which an inmate tests whether the DOC has properly calculated the time the inmate is to spend in prison. Day v. State, 879 So.2d 1206, 1207 (Ala.Crim.App.2003); and Breach v. State, 687 So.2d 1257 (Ala.Crim.App.1996). We assume the DOC’s calculations are correct unless there is some proof to the contrary. Morrison v. State, 687 So.2d 1259 (Ala.Crim.App.1996).
Montgomery appears to argue that, because his sentences are to be served concurrently, all five sentences should end on the same date, i.e., the date the original four sentences were to end. He contends that the additional five months he is now scheduled to spend in prison beyond his initial scheduled release date is the result of the DOC’s failure to properly deduct jail credit from his sentence.
Alabama law provides that, when computing deductions for incentive time, what Montgomery characterized as “jail credit,”
*105 “[w]hen a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his release date and correctional incentive time.”
§ 14-9-41(g)(2), Ala.Code 1975.
In Morrison v. State, 687 So.2d 1259 (Ala.Crim.App.1996), the inmate was sentenced to serve 15 years in prison in 1986. In 1993, he was sentenced to a 10-year sentence to be served concurrently with his 15-year sentence. This Court held that under § 14-9-41(g)(2),
“because the expiration date of the April 20, 1993, sentence was beyond the expiration date of the 15-year sentence, the sentence imposed on April 20, 1993, in essence caused the 15-year sentence to cease to exist, and the appellant no longer benefitted from any good time he may have acquired on the 15-year sentence.”
685 So.2d at 1261. See also, Henley v. Johnson, 885 F.2d 790, 793-94 (11th Cir.1989); and Powell v. State, 726 So.2d 735 (Ala.Crim.App.1997).
Here, Montgomery was initially sentenced to serve 15 years in prison on April 15, 2002. On October 4, 2002, he was sentenced to another 15-year sentence to be served concurrently with the sentences imposed on April 15. Therefore, Montgomery’s April 15, 2002, sentence in essence ceased to exist and his scheduled release date should be calculated from the start of his October 4, 2002, sentence. Thus, Montgomery’s total period of incarceration will be expanded by the five-month difference between his April 15 and October 4, 2002 sentences. Accordingly, DOC did not miscalculate Montgomery’s scheduled release date.
Montgomery contends that he is entitled to a hearing on his petition. The dismissal of a petition for a writ of habeas corpus is reviewed under an abuse-of-discretion standard. A circuit court may summarily deny a habeas petition without holding an evidentiary hearing if the pleadings are sufficient to show that there is no merit to the petition. Ward v. State, 929 So.2d 1048, 1050 (Ala.Crim.App.2005).
Here, among the pleadings and papers the trial court had before it when reviewing Montgomery’s petition were his sentencing dates, certified documents indicating the amount of jail credit he had earned for each of his five convictions, and an affidavit from Kathy Holt, correctional records director for the DOC, explaining the DOC’s calculation of Montgomery’s scheduled release date. Montgomery’s petition itself sets forth the dates upon which he was sentenced and the terms of those sentences. Based upon that information, it can be determined that the “additional” five months of imprisonment added to Montgomery’s original scheduled release date when he was sentenced for a separate conviction five months later was not a miscalculation.
The pleadings alone were sufficient to show that there was no merit to Montgomery’s contention that the DOC miscalculated his scheduled release date. Therefore, the trial court did not abuse its discretion in dismissing Montgomery’s petition without a hearing.
Finally, Montgomery contends that the trial court erred in dismissing his petition after the circuit clerk had already entered a default in this case. The record shows that Montgomery moved for entry of default pursuant to Rule 55, Ala. R. Civ. P., when the DOC failed to respond to his petition within 45 days. The circuit clerk entered a default based upon Montgomery’s application for default.
*106 We recognize that the Alabama Rules of Civil Procedure apply to habeas corpus proceedings to the extent that the practice in this matter is not provided by statute. Rule 81(a)(13), Ala. R. Civ. P.; see also Ex parte Rayburn, 366 So.2d 708 (Ala.1979). “[T]he purpose of the writ of habeas corpus is to afford relief against actual restraints upon liberty.” Ex parte Boykins, 862 So.2d 587, 591 (Ala.2002).
Default judgments are authorized by Rule 55, Ala. R. Civ. P., which applies in cases in which a plaintiff has filed a civil action seeking relief and the named defendant fails to properly respond within the time allowed by the Alabama Rules of Civil Procedure. Rule 55(a) provides that “[wjhen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party’s default.”
Federal cases construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure because the Alabama Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure. Borders v. City of Huntsville, 875 So.2d 1168, 1176 n. 2 (Ala.2003). The United States Courts of Appeals for the Sixth, Seventh and Eleventh Circuits have recognized that “a default judgment is not contemplated in habeas corpus cases.” Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir.1987), citing United States ex rel. Mattox v. Scott, 507 F.2d 919 (7th Cir.1974), and Allen v. Perini, 424 F.2d 134 (6th Cir.1970).
In Scott, the United States Court of Appeals for the Seventh Circuit agreed with Professor Moore’s treatise on federal practice that “the Advisory Committee [for the Federal Rules of Civil Procedure] did not intend to provide for a habeas corpus petitioner’s release in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large.” United States ex rel. Mattox v. Scott, 507 F.2d at 924, citing 7 Moore’s Federal Practice, 2d ed., 81.05(4).
. In Allen, the United States Court of Appeals for the Sixth Circuit held that Rule 55(a), F.R. Civ. P., has no application in habeas corpus cases and that the return to a petition for habeas corpus is not an answer within the meaning of Rule 12, F.R.Civ. P. In reaching its holding, the Allen court reasoned that the failure of the prisoner’s custodian to make a timely return does not operate to discharge the prisoner.
“The burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. The failure of State officials to file a timely return does not relieve the prisoner of his burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings. We conclude that the failure of the Office of the Attorney General of Ohio to file a timely return does not afford a basis for instanter relief. Despite the delinquency of the State, the District Court was obligated to decide the case on its merits. We conclude that in spite of the untimeliness of the State’s return, the District Court would have no power to grant the writ of habeas corpus in the absence of an evidentiary hearing and unless and until the averments of the petition have been proved by competent evidence.”
Allen, 424 F.2d at 138.
In State v. Malone, 654 So.2d 92 (Ala.Crim.App.1995), this Court reversed the trial court’s order denying the DOC’s motion to set aside the entry of a default *107 judgment in favor of an inmate, even though the DOC had failed to make a timely return to the inmate’s petition for the writ of habeas corpus. In its order granting the default judgment, the trial court stated that the order “is not intended to address the merits of the Petitioner’s claims. The judgment is solely procedural and entered due to the Respondent’s failure to comply with the Order of the Court” setting a deadline by which the DOC was to respond to the prisoner’s petition. 654 So.2d at 93.
In reversing the trial court’s order, this Court found that “the circuit court may have granted the petitioner retroactive good time credit to which he is not entitled.” 654 So.2d at 94. This Court remanded the case to the trial court to determine the merits of the prisoner’s petition for the writ of habeas corpus. In other words, this Court found that the trial court had no power to grant the relief sought in the petition merely on the basis of the State’s untimely response to the prisoner’s petition. Such a finding eviscerates Rule 55, Ala. R. Civ. P., and renders any default judgment meaningless in a habeas action.
Here, Montgomery filed a petition for a writ of habeas corpus in which he sought to have a court review of the legality of his term of incarceration. Such relief cannot be afforded simply by the circuit clerk’s entry of default. We are persuaded by the rationales set forth in the federal opinions discussed above. Accordingly, we now hold that Rule 55, Ala. R. Civ. P., has no application in habeas corpus cases, and the fact that the circuit clerk entered a default against DOC in this case is of no legal consequence. To the extent this opinion is in conflict with State v. Malone, 654 So.2d 92 (Ala.Crim.App.1995), Malone is hereby overruled.
We have reviewed the issues raised by Montgomery in his petition for writ of habeas corpus and find that he is not entitled to the relief requested.
The judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, SHAW, and WISE, JJ., concur. BASCHAB, P.J., concurs in the result.