BASCHAB, Presiding Judge.
The appellant, William Lamar Mills, alleges that, in February 1995, he pled guilty to first-degree murder; that the trial court sentenced him to serve a term of life in prison; and that he did not appeal his conviction. On February 5, 2007, he filed a Rule 32 petition, alleging that his sentence has expired. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that he is being held in custody after his sentence has expired. Specifically, he contends that he
“was extradited/transferred, through no fault of his own and involuntarily, to a private prison in the State of Louisiana, to the care, custody, and control of Gary Copes, District Warden for LCS Corrections Services, Inc., a private correctional services corporation, which effectively terminated and expired the Petitioner’s sentence, as it pertains to the physical custody and incarceration of the Petitioner, imposed by the Court.”
(C.R. 9.)[1]
In Olim v. Wakinekona, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 1745-46, 75 L.Ed.2d 813 (1983), the United States Supreme Court held:
“Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate’s home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State. Overcrowding and the need to separate particular prisoners may necessitate interstate transfers. For any number of reasons, a State may lack prison facilities capable of providing appropriate correctional programs for all offenders.”
(Footnote omitted.)
Also, in Turner v. Riley, (No. 06-0065CG-C, May 22, 2006) (S.D.Ala.2006) (not reported in F.Supp.2d), the United States District Court for the Southern District of Alabama addressed a similar argument as follows:
“Petitioner complains that in 2003 he was transferred to Tallahatchie Correctional Facility (hereinafter ‘TCF’) in Tutwiler, Mississippi, pursuant to the Interstate Corrections Compact (hereinafter ‘ICC’), Alabama Code §§ 14-13-1, et seq. (1985). [The Alabama Department of Corrections] allegedly entered into a contract with Corrections Corporation of America (hereinafter ‘CCA’) to transfer petitioner along with 1400 other Alabama inmates to TCF.
[[Image here]]
“Petitioner ... alleges that Alabama lost jurisdiction over him when he was transferred to CCA and thus CCA could not legally detain him....
“... [I]n a case with facts similar to the allegations at hand, Evans v. Holm, 114 F.Supp.2d 706 (W.D.Tenn.2000), a waiver of jurisdiction was found not to occur when an inmate was transferred from the convicting state to a private correctional institution in another state pursuant to a contract between the convicting state and the institution. Id. at *720 713. The Evans court opined that ‘[a] prisoner has a legally protected interest in the conduct of his keeper but not in his keeper’s identity.’ Id. at 711 (quoting Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir.), cert. denied,, Leslie v. Litscher, 528 U.S. 954, 120 S.Ct. 379, 145 L.Ed.2d 296 (1999)).”
(Footnote omitted.)
Finally, the Alabama Code does not appear to prohibit the State from contracting with private correctional facilities for the placement of inmates.
We agree with the reasoning of the courts in Turner and Evans, and we likewise conclude that the State of Alabama did not lose jurisdiction over the appellant when it transferred him to a private prison facility in Louisiana. Therefore, the appellant’s argument to the contrary is without merit, and we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.

. The appellant raises additional arguments in his brief to this court. However, because he did not first present them to the circuit court, they are not properly before this court. See Whitehead v. State, 593 So.2d 126 (Ala.Crim.App.1991); Morrison v. State, 551 So.2d 435 (Ala.Crim.App.1989).