Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

————————————

### CR-2024-0611

————————————

## Richard Brokenborough

## v.

## Alabama Department of Corrections et al.

## Appeal from Elmore Circuit Court
## (CV-24-35)

ANDERSON, Judge.

Richard Brokenborough appeals the Elmore Circuit Court's judgment summarily dismissing of his petition for a writ of habeas corpus.

On May 10, 2024, Brokenborough filed a petition for a writ of habeas corpus, alleging that the Alabama Department of Corrections ("ADOC") and the warden of the correctional facility where Brokenborough is currently housed ("the respondents"), had improperly denied him credit for 2,640 days of correctional incentive time on his 40-year sentence imposed for a third-degree-robbery conviction. (C. 4-7.) Brokenborough pleaded that, while serving his sentence in the custody of ADOC, he requested an Interstate Corrections Compact Transfer, which was granted. Thereafter, he was transferred to the custody of the Florida Department of Corrections ("FDOC"), and he served his sentence in FDOC's custody from February 2011 to May 2022. Brokenborough's petition claimed that he had earned 2,640 days of correctional incentive time while in the custody of FDOC, pursuant to its rules and regulations. Brokenborough was returned to the custody and control of ADOC on May 31, 2022, and his petition claimed that ADOC had failed to apply the 2,640 days of correctional incentive time that he had earned for work performed while in the custody of FDOC.

The respondents filed a motion to dismiss Brokenborough's petition, arguing that pursuant to § 14-9-41(e)(1)(c), Ala. Code 1975,

Brokenborough was ineligible to earn correctional incentive time because he had received a 40-year sentence for third-degree robbery. Further, the respondents argued that "the fact that [Brokenborough] served time in FDOC custody pursuant to the [Interstate Corrections Compact] does not change his [correctional-incentive-]time eligibility," because, they stated, the State of Florida was acting solely as an agent for the State of Alabama under § 14-13-2, Ala. Code 1975.

On July 26, 2024, the circuit court granted the respondent's motion to dismiss. Brokenborough timely appealed.

On appeal, Brokenborough reasserts the claim raised in his petition. He maintains that by adopting the Interstate Corrections Compact ("the ICC"), codified at § 14-13-1, et seq., Ala. Code 1975, Alabama agreed to all the terms of the ICC, including provisions permitting an inmate to participate in programs provided by the receiving state. Thus, he reasons, because ADOC received progress reports notifying it that Brokenborough was receiving correctional incentive time under FDOC's regulations, ADOC could have notified FDOC of his ineligibility to earn that time "before [he] was granted and earned 2,640-days good time." (Brokenborough's brief at 11.) He also

3

argues that his correctional incentive time could not be taken away without due process.

A petition for a writ of habeas corpus is the proper method by which to test whether ADOC has correctly calculated the time an inmate must serve in prison. See Breach v. State, 687 So. 2d 1257 (Ala. Crim. App. 1996); Swicegood v. State, 646 So. 2d 158 (Ala. Crim. App. 1993). We review the dismissal of a petition for a writ of habeas corpus under an abuse-of-discretion standard. Ward v. State, 929 So. 2d 1048 (Ala. Crim. App. 2005). Furthermore, this Court will assume that ADOC's calculations are correct unless there is some proof to the contrary. Montgomery v. State, 967 So. 2d 103, 104 (Ala. Crim. App. 2007). "A circuit court may summarily deny a habeas petition without holding an evidentiary hearing if the pleadings are sufficient to show that there is no merit to the petition." Id. at 105.

As an initial matter, the language of the ICC is unambiguous regarding the governing law applicable to inmates who have been transferred under its authority. Here, Brokenborough contends that because "progress reports" that included information regarding correctional incentive time provided for by Florida law were sent to

4

ADOC, he should be entitled to have his sentence reduced accordingly. The ICC, however, clearly provides that the only purpose of such reports is so that "each inmate may have official review of his or her record in determining and altering the disposition of said inmate in accordance with the law which may obtain in the sending state." § 14-13-2, Art. IV(d), Ala. Code 1975 (emphasis added). Moreover, as to Brokenborough's claim that he "participated" in Florida programs that entitled him to a "good-time" reduction to his sentence, the ICC provides only that an inmate confined pursuant to its terms may have his "obligations modified or his status changed" by actions or proceedings "in which he could have participated if confined in any appropriate institution of the sending state located within such state." § 14-13-2, Art. IV(h), Ala. Code 1975. Hence, Alabama law applies to Brokenborough's ICC-based claim.

In Alabama, "no prisoner may receive correctional incentive time [if] … he or she has been sentenced to life, sentenced to death, or has received a sentence for more than 15 years." § 14-9-41, Ala. Code 1975. It is undisputed that Brokenborough was sentenced to 40 years' imprisonment for his third-degree-burglary conviction and that he was

transferred to a prison in Florida to serve a portion of that sentence.

Section 14-13-2, Art. IV, Ala. Code 1975, provides:

> "(a) Whenever the duly constituted authorities in a state party to this compact, and which has entered into a contract pursuant to Article III, shall decide that confinement in, or transfer of an inmate to, an institution within the territory of another party state is necessary or desirable in order to provide adequate quarters and care or an appropriate program of rehabilitation or treatment, said officials may direct that the confinement be within an institution within the territory of said other party state, <u>the receiving state to act in that regard solely as agent for the sending state</u>.
>
> "….
>
> "(c) Inmates confined in an institution pursuant to the terms of this compact <u>shall at all times be subject to the jurisdiction of the sending state</u> …"

(Emphasis added.) <u>See</u> <u>also</u> <u>Mills v. State</u>, 12 So. 3d 718, 720 (Ala. Crim. App. 2007) (holding that "the State of Alabama did not lose jurisdiction over the appellant when it transferred him to a private prison facility in Louisiana"). Therefore, because Brokenborough was still subject to the jurisdiction of the State of Alabama despite being housed in an institution in Florida, he was not eligible for correctional incentive time.

Brokenborough also contends on appeal that because he "earned and was granted [correctional incentive time]," his correctional incentive time could not be taken away without due process. (Brokenborough's

brief at 12.) Brokenborough is correct that this Court has held that "once an inmate earns correctional incentive time, it may not be taken away without due process." See Coslett v. State, 697 So. 2d 61, 64 (Ala. Crim. App. 1997). But under Alabama law, including the ICC, an inmate serving over 15 years' imprisonment cannot accrue correctional incentive time. Thus, contrary to his mistaken belief, Brokenborough never began accruing correctional incentive time because he was never entitled to it under Alabama law.

Nor did the ICC grant him any right to have his sentence modified or his status changed pursuant to Florida law. § 14-13-2, Art. IV(h), Ala. Code 1975. Under the ICC, FDOC acted as the agent of ADOC regarding Brokenborough's confinement. Because ADOC possessed no statutory authority to grant correctional incentive time to Brokenborough, it could not grant actual authority to FDOC, as its agent, to grant correctional incentive time. Further, because ADOC's inability to grant correctional incentive time to Brokenborough is dictated by Alabama law, Brokenborough cannot prevail under a theory that FDOC possessed apparent authority to grant such time on behalf of ADOC. See Bowers v. BBH SBMC, LLC, 393 So. 3d 20, 31-32 (Ala. 2023) (citing Daniel v. Scott,

455 So. 2d 30, 32 (Ala. Civ. App. 1984)). Therefore, he is not entitled to relief on this claim.

Based on the foregoing, the judgment of the circuit court is affirmed.

AFFIRMED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.